No. 37.—DAVID ROGERS, plaintiff in error, *vs.* W. A. HAW-KINS, defendant.

[1.] The Act of 1841, as amended by the Act of 1843, exempting 50 acres of land, with the improvements, of an insolvent debtor, from levy and sale, provided the same does not exceed $200 in value, and requiring the County Surveyor to lay off and admeasure the same, does not apply to a case where the quantity of land owned by the defendant is less than ten acres.

Illegality, in Lee. Tried before Judge ALLEN, April Term, 1856.

A *fi. fa.* in favor of Willis A. Hawkins against David Rogers, was levied on ten acres of land as the property of the latter, to satisfy said *fi. fa.* The defendant thereupon made affidavit that "the above stated *fi. fa.* is proceeding illegally against him, on the following grounds, to-wit:

1st. Because the *fi. fa.* has been levied on a certain portion of land in lot 205, of the thirteenth district of said county, belonging to this defendant, consisting of not more than nine or ten acres, which is all the land defendant has; and deponent is the head of a family, having a wife and three children.

2d. Because the debt upon which this *fi. fa.* is founded, was not contracted for the purchase money of said land.

3d. Because, as this deponent believes, the dwelling-house on said land is not worth more than two hundred dollars. For all which reasons said *fi. fa.* is proceeding illegally," &c.

On the hearing of said illegality, Counsel for plaintiff moved the Court to dismiss the same, because no certificate of the value of the house or houses upon said land appeared to have been made, as required by the Statute allowing fifty acres of land to the head of every family exempt from levy and sale; and for the further reason, that the plaintiff had not been notified of such valuation, if such had been made: whereupon, defendant's Counsel proposed to prove that the buildings on said land had been valued by two valuing agents —one appointed by said defendant in *fi. fa.* and the other by a Justice of the Peace of the district where the land lies; and that said valuation showed said improvements not worth over two hundred dollars; which proof the Court refused to hear, saying it would avail the defendant in *fi. fa.* nothing, unless he could show that the plaintiff had been notified prior to the valuation, and that the valuation had been made prior to the staying the *fi. fa.* in the Sheriff's hands, and passed an order dismissing said illegality. To which ruling Counsel for defendant in *fi. fa.* excepted, on the following grounds, to-wit:

1st. The Court erred in dismissing the illegality in the premises, the law not requiring notice to plaintiff in *fi. fa.* by defendant in *fi. fa.* either before or after the filing the illegality.

2d. The Court erred in holding that the valuation of the building on the premises should be made prior to the staying of the *fi. fa.* in the Sheriff's hands by the illegality.

3d. The Court erred in dismissing the illegality, for the reason assigned, it being contrary to the policy of the Statute in such cases made and provided, that any head of a family claiming its benefits, should be deprived thereof unless rights had already vested in third persons, not notified of such claim; and in this case, the filing the illegality was a sufficient notice to plaintiff in *fi. fa.*

4th. The Court erred in dismissing said illegality, because the levy upon said *fi. fa.* showed that the amount of said land did not exceed fifty acres, and the affidavit of illegality

showed that said land was the only land belonging to said defendant, and that the buildings thereon were not worth over two hundred dollars; and that said land did not derive its chief value from any other cause than its adaptation to agricultural purposes.

DEARMAN and KIMBROUGH, for plaintiff in error.

HAWKINS, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] By a careful examination of the several Statutes passed in this State for the purpose of exempting a certain quantity of real estate, belonging to insolvent debtors, from levy and sale, it is clear that this case is not embraced within the provisions of any of them.

By the Act of 1841, (*Cobb*, 389,) twenty acres for the head of the family and five acres for each of the children under fifteen years of age, were exempt. And the same to be laid off by the County Surveyor, and were to embrace the dwelling-house and improvements, provided these did not exceed in value $200, to be ascertained and certified by three valuing agents: one to be appointed by the plaintiff in execution, one by the defendant, and one by a Justice of the Peace in the district where the said dwelling-house and improvements are.

By the Act of 1843, fifty acres are exempt, except for the purchase money. (*Cobb*, 390.) And by the Act of 1845, the benefits of the foregoing Acts are extended to the citizens of any city, town or village in the State; and to include real property in such places, not exceeding in value $200. (*Cobb*, 391.)

But neither this last Act, according to its letter, nor any other, in spirit, extend to a place in the country like the present, containing less than fifty acres; and yet, deriving its chief value, probably, from its location.

The decision of the Court was based upon the Act of 1841. But taking that Act in connection with the Act of 1843, which is amendatory of it, and is it not apparent that they both apply to cases only where the whole tract is more than fifty acres? In such case only is it necessary for the County Surveyor to lay off and admeasure the fifty acres; and in such case only is it necessary for the defendant to furnish the Sheriff or other levying officer with a plat or boundary of the fifty acres so laid off. But in the case before us, the whole tract consists of less than ten acres. Of course the Acts of 1841 and 1843 do not apply.

Could the Sheriff levy at all upon a tract of less than fifty acres, belonging to an insolvent debtor? Whether he could or could not, we think it clear that the offer made by the defendant to prove that the land and improvements were not worth more than two hundred dollars, was all that the creditor could claim. Suppose the valuation exceeded that sum, would not the creditor get the excess, just as though the property was located in a town. If it was not worth that amount could it be sold, and ought it to be sold, under any just construction of these Statutes?