JOHN WIECE, plaintiff in error, *vs.* MILLY C. MARBUT *et al.*, defendants in error.

Upon an application for dower it appeared that the contestant claimed title to the land under a sheriff's deed, made by virtue of a sale under execution against the husband of the applicant, and after his death. There was no paper title shown to or from the deceased husband:

*Held,* that the contestant was estopped from denying that the husband died seized and possessed of the land.

Dower. Title. Estoppel. Before Judge KNIGHT. Fannin Superior Court. October Term, 1875.

Reported in the decision.

H. P. BELL; C. J. WELLBORN, for plaintiff in error.

J. A. JERVIS; JOHN S. FAIN; MARSHALL L. SMITH; THOMAS F. GREER, for defendants.

WARNER, Chief Justice.

This was an application for dower in a lot of land in Fannin county, the applicant claiming the same as the widow of A. T. Churchhill, deceased. The right of the applicant to dower in the land was contested, and on the trial of that issue the jury, under the charge of the court, found a verdict against the widow's right to dower in the land. Whereupon she made a motion for a new trial, on the several grounds stated therein, which was granted by the court, and the contestant excepted.

The main question in the case was whether Churchhill, the husband of the applicant for dower, was seized and possessed of the land at the time of his death. It appears from the evidence in the record that Churchhill died in 1858 or in 1859, probably in 1858. It also appears from the evidence that Ashworth obtained a judgment against Churchhill in May, 1858, for $545 00, principal, besides interest thereon, upon which an execution issued on the 20th of May, 1858. This execution was levied on the land by the sheriff of Fannin county, on the 18th of June, 1858, as the property of the defendant, the sheriff reciting in his levy that he had given the *defendant in possession* notice thereof. The sale of the land under this levy appears to have been suspended by the interposition of a claim, as is shown by the entry of the sheriff on the execution. It further appears that on the 29th of May, 1867, the execution was again levied on the land by the sheriff, and sold on the 6th of July, 1867, and was purchased by Wiece, the contestant, the sheriff making him a deed thereto, in which it is recited that the land was seized and sold as the property of the defendant, Churchhill. There was evidence going to show that Churchhill never was in possession of the land, and there was parol evidence (admitted without objection) going to show that Churchhill had sold the land in his lifetime to Davis, and that Davis rented the land and received the rent therefor, but there was no evidence that Churchhill sold the land after the date of the judgment. There was no paper title to the land shown to, or from, Churchhill in his lifetime.

The court charged the jury substantially as follows, that if Wiece, the contestant, claims title to the land under the sheriff's deed, the same having been sold as the property of Churchhill, then he is estopped to deny that Churchhill was seized and possessed of the land at the time of his death, and that his widow would be entitled to dower therein as against any lien created by her husband in his lifetime; that if the evidence shows that the land was sold at sheriff's sale after the death of Churchhill as his property, and the contestant,

Wiece, claims under that sale, he cannot deny that Churchhill owned the land at the time of his death.

If the charge of the court was right, (and we think it was in view of the evidence in the record,) then the verdict was contrary to the charge of the court, and the new trial was properly granted on that ground. The defendant in the execution, Churchhill, was in the possession of the land at the time of the first levy thereon by the sheriff, on the 18th of June, 1858, according to his returns; and if Churchhill was the owner of the land at the time of the rendition of the judgment against him, and it was sold as his property after his death, and purchased by Wiece, the contestant, at sheriff's sale, as the property of Churchhill, he, claiming title to the land under that sale, is estopped from denying that it was Churchhill's property so as to defeat his widow's claim to dower therein. There was no error in granting the new trial.

Let the judgment of the court below be affirmed.