Ross *vs.* Wilson.

Judgment affirmed.

J. B. Ross, plaintiff in error, *vs.* JULIA A. WILSON, defendant in error.

A widow is entitled to dower in lands held by her deceased husband as a tenant in common.   Partition need not precede the setting aside of the dower.

Dower.   Tenancy in Common.   Before Judge WRIGHT. Decatur Superior Court.   May Term, 1876.

Reported in the decision.

W. O. FLEMING; J. C. RUTHERFORD, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This case came before the court below on objection to the return of commissioners appointed to assign dower to the widow of James Wilson, deceased, on the following agreed statement of facts, to-wit: "That Ross made to Finch and Wilson a deed of conveyance to the land on which the demandant claims dower; that said parties gave to Ross a mortgage to secure a joint and several note for the payment of the purchase money of said land; that there never has been a partition of said land between said Finch and Wilson, either in their lifetime, or between said Finch and the administrator of said Wilson since his death." The court held and decided that the widow was entitled to dower in the land of her deceased husband, Wilson, held by him as a tenant in common with Finch before partition, and confirmed the report of the commissioners, whereupon Ross, the objector, excepted.

The only question made here, was whether the widow of Wilson was entitled to dower in the land held by him as a tenant in common with Finch before partition thereof. What is dower by the law of this state? Dower is the right of a wife to an estate for life in one-third of the lands, according to valuation, including the dwelling-house (which is not to be valued unless in a town or city) of which the husband was seized and possessed at the time of his death, or to which the husband obtained title in right of his wife—Code, §1763. Wilson, the deceased husband, at the time of his death, was seized and possessed of the land in question as a tenant in common with Finch, and his widow was entitled to the one-third part thereof in the same manner, and to the same extent, as her deceased husband was seized and possessed of it at that time. A partition of the land was not necessary in order to perfect her legal right to dower in

the land.　See 1 Scribner on Dower, 326.　The legal right of the widow to her dower in the land being established, she would be entitled to a writ of partition, under the provisions of the statute, to have the land divided so as to obtain her one-third part thereof, according to valuation.　The widow's legal right to dower in the land, at the death of her husband, was as perfect and complete before partition thereof as it would have been afterwards.　Partition of the land is only necessary for the purpose of her enjoyment of her right of dower in it, but does not create or confer that right upon her.

Let the judgment of the court below be affirmed.