MATTHEW G. DICKEN, plaintiff in error, *vs.* MAHALA THRASHER, defendant in error.

Homestead in land is subject to a debt for labor done thereon in the cultivation of crops or other farm work, as in building or other improvements of a substantial nature.

Homestead.   Levy and Sale.   Before Judge RICE.   Oconee Superior Court.   July Term, 1876.

Reported in the opinion.

COBB, ERWIN & COBB; J. R. LYLE, for plaintiff in error.

POPE BARROW; S. P. THURMOND, for defendant.

JACKSON, Judge.

Mahala Thrasher and her sons worked on Dicken's land, and made a crop on a contract for labor thereon.   Dicken

refused to pay; she sued and recovered judgment, on which an execution was issued, and levied upon Dicken's land. It was homestead land, duly exempted and laid off, and Dicken, as such, claimed that it was exempt from levy and sale under the *fi. fa.* The court below held that it was not exempt, but subject to the claim of these laborers for making the crop ; and the single question is : are homestead lands set apart to families, liable for wages to the people employed to cultivate them ? The words of the constitution are broad. They are " and for labor done thereon." This is one of the express exceptions. The homestead ought to be liable for the work which makes the crop. What is the land worth without cultivation ? How is the family to be supported without labor on it to cultivate it ? And if they do not themselves cultivate it, by their own labor merely, they ought to pay those who do. Homestead or no homestead, the laborer is worthy of his hire ; and the plain words of the constitution but re-enact the utterance of Divine wisdom.

Judgment affirmed.