## Stokes *vs.* Hatcher.

Wages of farm hands for labor performed before the homestead is set apart cannot be recovered out of the homestead estate.

Homestead.  Before Judge Gibson.  Burke Superior Court.  November Term, 1877.

An execution in favor of Stokes was levied on homestead property of Hatcher, under an affidavit that there was no other than homestead property, and it was not exempt from this debt.  The latter filed a counter affidavit, and upon this issue was joined.  On the trial, it appeared that the debt on which the execution was founded was for labor performed upon the property.  The homestead was set apart after the performance of the labor, and before the debt went to judgment.  The court charged that if the labor was performed upon the place before it was set apart as a homestead, and it was afterwards so set apart, it would not be subject.

The jury found for defendant, and plaintiff excepted.

A. M. Rodgers, for plaintiff in error, cited 58 *Ga.*, 360; constitution of 1868, art. 7, §1; Code, §2002.

Corker & Palmer, for defendant, cited 59 *Ga.*, 332; Code, §2028.

Jackson, Judge.

An execution issued upon a judgment rendered in behalf of a laborer as a farm hand on the farm of defendant for

1871–2–3, was levied upon the farm. Before the date of the judgment, the farm was set apart as a homestead for the defendant's family, and the question made is, was the homestead estate liable therefor?

This court held in the case of *Dicken vs. Thrasher*, 58 *Ga.*, 360, that the estate was liable for such work done thereon for the family after the homestead was set apart; but this case does not fall within the principle there ruled. That principle is, that the homestead would be, or might be, worthless to a feeble or decrepid family, unless labor could be hired to work it; and as the words of the constitution—"labor done thereon"—covered that case, the labor being done on the homestead and for the homestead estate, we thought that it was right and just, and carried out the intent and spirit of the constitution to hold the homestead liable.

In the case at bar, the facts are wholly dissimilar. The labor was not done on the homestead, because, when it was performed, there was no homestead; nor was it done for the benefit of the homestead estate, because there was no such estate—no beneficiaries to be benefitted—no *quasi cestui qui trust*, to be supported by this labor. In this clause of the exceptions, we hold that the word " thereon " in connection with "labor", refers not to the soil or property out of which the homestead is afterwards carved, but to the land after it is made homestead. The judgment, therefore, is affirmed.

It is unnecessary to consider the motion to dismiss, or the preliminary point in regard to the personal property which might have been levied on, and had to be exhausted before the homestead could be levied upon, in the view above taken of the case, as that view disposes of it.

Judgment affirmed.