## CONNALLY vs. HARDWICK.

1. The statutory exemptions of realty and personalty which obtained when the constitution of 1868 was adopted, and which are now embraced in section 2040 of the Code, were not abrogated or superseded by the constitution, or by the homestead act of that year. After the homestead system of the constitution was established, a debtor could avail himself of that system or of the prior statutory exemptions at his option. He could, as to his subsequent contracts, take the benefit of either, but not of both.

2. The wife of a debtor having, after his refusal to apply, secured the statutory exemptions, his assent to her application will be presumed until the contrary appears. At least, this presumption will be indulged where, though his creditors complain of her interference with his rights of property, he does not complain.

3. In January, 1876, it was not necessary to give any notice or make any publication in connection with the claim of the statutory exemptions. Nor was it necessary to have the land surveyed or platted, unless the tract contained more than the number of acres exempt. Nor was it necessary that the insolvency of the debtor should be made to appear.

4. Though the exempted land is liable under the act of 1874 for its purchase money, it is not liable for money expended, before any right of exemption was asserted, in paying for improvements and for work and labor done upon the premises.

5. The wife has sufficient interest in the premises to entitle her to interpose a claim in her own name, in order to maintain the exemption and prevent a sale under execution against the husband.

Homestead. Presumption. Improvements. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

Archer obtained five justice court judgments against Hardwick as principal, and Connally as security. Connally paid the judgments, took an assignment thereof, and had the executions based thereon levied upon certain real estate as the property of the defendant. Mrs. Hardwick claimed the land "as not the property of said F. Hardwick in his own right, as it had been set apart to her and her children on her own application, her husband refusing to apply for a homestead, under the homestead and exemption laws as contained in §§2040, 2041 of the Code of 1873, and that it was not in any way subject to the payment of this debt."

Plaintiff moved to dismiss the claim upon the following grounds :

1. Because there was no law authorizing the wife, over the husband's refusal, to have his property set apart for her and her children as a homestead, under the law by which this homestead was set apart.

2. Because the claim showed on its face that the legal title was still in claimant's husband, and there was no valid law in this state authorizing the ordinary to divest said Hardwick's title from him, and to vest it in his wife and children.

3. Because the sections of the Code under which this homestead was set apart are unconstitutional, null and void as against this debt.

The motion was overruled and plaintiff excepted.

Claimant offered in evidence the homestead exemption which had been filed in the ordinary's office, approved and recorded January 17th, 1876. The application showed the

refusal of the husband to apply, the number of minor children, etc., and named as a part of the exemption claimed, this land, which was averred to be all that the husband owned and less than the amount allowed as exempt·from sale by the law, and therefore not requiring a plat. or survey. It also averred that the improvements thereon were not worth $200.00.

Plaintiff objected to the admission of this paper upon substantially the same grounds as constituted the basis of his motion to dismiss the claim. The objection was overruled and plaintiff excepted.

Connally was then introduced as a witness, and testified that the debt was originally created in 1872, and was proceeding to show that the money was expended in improvements and labor done on the place, when, ón motion of claimant's counsel, he was stopped and the evidence excluded. Admissions of Hardwick to the same effect were also excluded. To all of which plaintiff excepted.

The charge of the court was in accord with his rulings made in the progress of the trial. To this the plaintiff also excepted.

The jury found for the claimant. The plaintiff moved for a new trial upon each of the above grounds of exception. The motion was overruled, and he assigned error thereon.

JULIUS L. BROWN ; S. N. CONNALLY, for plaintiff in error, cited 39 *Ga.*, 434; acts of 1868, p. 30; 3 Del., 388; 15 Wal., 622; 42 *Ga.*, 501; 39 *Ib.*, 453; 55 *Ib.*, 182; 59 *Ib.*, 330, 332; 57 *Ib.*, 378; 51 *Ib.*, 461; 58 *Ib.*, 361; 59 *Ib.*, 230; 55 *Ib.*, 622.

GEORGE T. FRY ; A. C. KING, for defendant, cited acts of 1855–'6, p. 232; Code of 1863, §2014; Code of 1868, §2041; 55 *Ga.*, 182; cons. of 1868, art. xi., par. iii.; cons. of 1877, art. ix., §v.,⁣par. 1; 37 *Ga.*, 581; 59 *Ib.*, 817; 40 *Ib.*, 293; 50 *Ib.*, 216, 584; Code, §2040; 41 *Ga.*, 180; acts of 1874, p. 19; 37 *Ga.*, 218; 59 *Ib.*, 330.

BLECKLEY, Justice.

1. The statute gives the option of the constitutional homestead and exemption, or the exemptions which the constitution of 1868 found already established. Code, §2032. It was the purpose of the constitution to offer larger and more liberal exemptions than before prevailed, not to abrogate or supersede the smaller ones where these might prove satisfactory or be preferred. The system contemplated was alternative, not exclusive. The well remembered history of the times, together with the contemporary legislation, may suffice as authority for this interpretation.

2. The husband is not complaining that the wife interfered and secured the exemption over his objection and contrary to his wishes. His acquiescence ought to be presumed so long as he is silent, for the statute looks to her as a proper person to move in the matter where he refuses. Code, §2041. His refusal to move does not imply an unwillingness for her to do so, but rather the contrary. He may want to open the way for her or her friends to act, instead of taking the responsibility upon himself. If he had any real objection, he could and would find means to make it effective.

3. At the time this exemption was secured, (January, 1876,) neither notice to creditors, nor any publication was necessary in such a case. Code, §§2041, 2042. The quantity of land owned by the debtor not being in excess of the statutory allowance, no survey or plat was requisite. 20 *Ga.*, 200; 22 *Ib.*, 168; 25 *Ib.*, 224. As to insolvency of the debtor, there is no requirement that it should affirmatively appear as a condition precedent to the exemption.

4. The act of 1874 subjects the property to claims for the purchase money, and for taxes, but neither that act nor any other, renders it subject to be sold for the repayment of money which had been expended upon it in erecting improvements, or in procuring work and labor, before the exemption right was asserted.

5. The wife and family are the chief beneficiaries contemplated by the homestead and exemption laws. Grant that the legal estate does not vest in the wife, still she has such an interest in the use and enjoyment of the property as will entitle her to protect it from levy and sale by the interposition of a claim, in her own name, when it is under levy and about to be sold away from her by a creditor of the husband. Of course, she cannot do this until after the legal steps to set it apart and secure it as exempt property have been taken. In this case, all had been done which the law required.

Judgment affirmed.