ZELLERS vs. BECKMAN.

1. Courts of equity have exclusive jurisdiction of suits for the recovery of exempted property which had been voluntarily sold prior to the act of 1876, or of any interest therein.
2. The husband is the head of the family, and is the proper person to bring suit for such property. A suit brought by the wife for that purpose is demurrable, no good reason appearing why the husband did not sue.

Homestead. Equity. Jurisdiction. Parties. Husband and wife. Before Judge SPEER. Campbell Superior Court. August Term, 1879.

Reported in the decision.

T. W. LATHAM; J. H. LONGINO, L. S. ROAN, for plaintiff in error.

H. M. REID, for defendant.

JACKSON, Justice.

1. This suit was brought for the recovery of a mule which had been exempted by plaintiff's husband and set apart for the use of his family under section 2040 *et seq.* of our Code, and which had been sold by the husband to the defendant. The suit was dismissed on the ground that under the act of 1876—Sup. to Code, §§359 to 367—the courts of common law had no jurisdiction, but courts of equity alone could grant relief, and error is assigned on this judgment. Section 359 reads as follows: " Courts of equity *alone* shall have jurisdiction of suits for the recovery of property which has been set apart under the homestead and exemption laws of this state, and which was sold previous to February 15th, 1876, or for the recovery of any interest therein; and it shall be lawful for any party to prove that the purchase money of such property, or any part thereof, has been invested in other property, or has

been applied to the benefit of the family for which said property has been set apart as aforesaid."

This property was an exemption; it is sought to recover it as such from the vendee to whom it was sold, and therefore the broad words of the statute of 1876, commonly known as "the McDaniel act" from the able lawyer who drafted it, cover this case, even if the legal title to the entire property were in the wife. But she really has only a usufruct interest in a part thereof, and a small part, for the family of minor children is very large. It would seem therefore that the words "or for the recovery of any interest therein," were put in the act of 1876 on purpose to cover her case. Equity therefore *alone*, under the express words of that act, could relieve her, and the court was right to dismiss the action at law.

2. Moreover, the husband is the head of this family, the exemption was made to him as its head, the legal title is in him, and in trover he must sue. It is true that we held that the wife might interpose a claim for the family to stop the sale by execution of a homestead, 61 *Ga.*, 501, but in that case her husband had declined to take out or apply for the homestead, and the wife had thus been necessitated to do so. Besides, a claim case has been always considered a sort of equitable proceeding, and in that case this court did not mean to authorize suit by her predicated only on her own legal title. It is true trover against a wrong-doer may be founded on possession, but her possession here was her husband's, they living together.

On the first point, we do not mean to say that the head of the family would be forced into equity for trespass on the homestead or exemption, or against a mere wrong-doer without some sort of sale from the head of the family; but in a case like this, where the mule was *sold* prior to the act of 1876, that act is applicable and the remedy is by bill in equity, especially as covered by the second point where the only interest of the wife is the usufruct of the property, or a part only thereof.

Judgment affirmed.