## WILDER & SON *vs.* FREDERICK.

1. The homestead is not subject to a debt created for materials used in building the house thereon before it was set apart as exempt.
2. After the setting apart of a homestead, if it is desired to sue and obtain a judgment which will bind it, the pleadings should show the grounds of such liability. The homestead is in the nature of a trust estate, and proceedings against it should be shaped accordingly.
3. Where the application for homestead stated the county and alleged the applicant to be "of said county," his residence was sufficiently set forth.
(*a.*) In 1873 it was not necessary to set out the names and ages of the beneficiaries in an application for a homestead.
(*b.*) While it is better in all cases to state the ownership of the property sought to be exempted, and in case of a married woman it is necessary, its omission does not render an application by her husband invalid. The presumption is that the property is his.

Homestead. Pleading. Trusts. Husband and Wife. Before Judge STEWART. Houston Superior Court. April Term, 1881.

Reported in the decision.

DAVIS & RILEY, by brief, for plaintiffs in error.

WARREN & GRICE, for defendant.

CRAWFORD, Justice.

An execution in favor of Wilder & Son was levied upon certain land as the property of J. M. Frederick; who claimed it as a homestead for his family.

The facts being undisputed, the case was submitted to the judge without a jury. The homestead was set apart in December, 1873. The execution was founded upon a debt which existed prior to that time, and was for doors and sash, which had been used by defendant on his dwelling-house situated on the land.

1. The first question made by the record is, whether a debt created by the owner of land, *before* the same is set apart as a homestead, for material used in building, or completing his dwelling, can subject the same to sale for its payment.

It has been held by this court, that the homestead was not subject to the payment of a debt for *labor done thereon* before it was set apart as such. And "that the word 'thereon' in connection with 'labor,' refers not to the soil or property out of which the homestead is afterwards carved, but to the land after it is made *homestead.*" 60 *Ga.*, 617.

It was also held in 58 *Ga.*, 360, that the homestead was subject to a debt for labor done thereon in cultivation of crops or other farm work, as in building or other improvements of a substantial nature, *after* it had been set apart. In the 61 *Ga.*, 501, it was ruled that land exempted under section 2040 of the Code, though made liable for the purchase money by the act of 1874, still was not liable for money expended in improvements before any right of exemption was asserted.

Thus we think that the principle is ruled in the foregoing decisions, and that by the very words of the constitution itself this view is strengthened wherein it says, "including such improvements as *may* be made *thereon* from time to time,   *  *  *   or material furnished therefor."

2. The second question is, whether, if the homestead proceedings are valid, then to subject the land to a debt for which it would be liable after it is set apart, should it not be sued as any other trust debt? In 59 *Ga.*, 330, it was ruled that the title to land set apart as a homestead is for the use and benefit of the family, and is in the nature of a trust estate. If, therefore, it be sought to subject such property to the payment of a debt for which it is liable, the pleading should show the grounds of the claim and how the estate is liable, and the names of the *cestui que trusts*, as provided in section 3377 of the Code.

3. The last question made is, that the homestead was invalid because it does not affirmatively appear that Frederick was a resident citizen of Houston county ; nor does it set forth the ages, names and members of his family ; nor does it specify the lands out of which the homestead is to be carved, or that he has title thereto.

That the first objection to this homestead is not well founded appears from the record, wherein the applicant sets forth a copy of the proceeding, so much of which only as is necessary to state is in the following words: " Georgia, Houston county : To the ordinary of said county. The petition of Josiah M. Frederick, of *said county*, respectfully showeth, etc." This we think beyond all question sufficient to show the residence of the applicant.

A failure to set out the names and ages of members of the applicant's family, at the time this homestead was applied for, in December, 1873—the law did not require this to be done, and it has been so decided. 59 *Ga.*, 235 ; 62, *Ib.*, 302.

Upon the last objection to this homestead, the question is not so clear, nor has it been decided by this court, although several decisions have been referred to as controlling it.

In the 61st *Ga.*, 105, this court, in dealing with a case where a married woman made application for homestead, held that the record of a homestead should show out of

whose land the applicant sought to have the homestead carved, so that the creditors might be notified that their interests were attacked. And when a wife makes such application, she should show whether it is to be set apart out of her own or her husband's property. It was likewise ruled in the 62d, *Ga.*, 568, as also in the case of *Coffee vs. Adams*, at the September term, 1880, not yet reported. But it was not intended to apply that rule to the husband, nor, when he seeks to have a homestead set apart in land, is it presumed that it belongs to some one other than himself, as it is where a married woman seeks to have the same thing done, unless she specifies out of whose land it is to be set apart.

Whilst we think in all cases, that it is best to specify who is the owner, yet we do not think that it is invalid, except in cases where it is to be carved out of some other person's than the applicant's land, and for the very reason given above, that the creditors may know that their interests are attacked, so that they may appear and resist the application if they desire to do so.

The judgment of the court was therefore right, and must be affirmed.

Judgment affirmed.