## BRASWELL & SON *vs.* McDANIEL.

1. No form is prescribed for an application for an exemption of personalty under §2040 *et seq.* of the Code, and it is not necessary to set out in the application that the applicant is a debtor.

(a.) The exemption now found in §2040 *et seq.* of the Code originated in the act of 1822, and has now become a part of the constitution of 1877.

2. While an exemption set apart under §2040 *et seq.* of the Code is for the use of the wife and children of the debtor, and for a conversion of such property, they might have brought an action, the husband and father might also sue.

(*a.*) If it were necessary for him to bring the suit for their use, the defect was amendable and was cured by verdict.

3. Where certain persons levied an attachment on corn, which had been set apart as an exemption under §2040 *et seq.* of the Code, without any oath to subject it as for purchase money, seized it, carried it into another county and put it into their crib; and where they afterwards obtained judgment, had execution issued and levied upon it, and bought it themselves, no demand and refusal was necessary in order to recover against them in trover.

4. Where the applicant for an exemption is the husband and father, it is not necessary to allege that the property is his.

5. The entire proceedings of the defendants in trover to possess themselves of the corn were illegal and tortious, and a verdict against them for its value was right.

(*a.*) It appearing that the verdict gave more than the value of the corn per bushel proved, the excess above that value (seventy cents per bushel) is directed to be written off.

6. The judge of the superior court having notified counsel in writing that he would hear the motion for new trial on the 17th, instead of the 15th of the month, unless one or both of them answered that it was objectionable, and no answer having been received, and both being present on the 17th, a motion to dismiss the writ of error on that ground will be denied.

September 9, 1884.

Homestead. Torts. Parties. Parent and Child. Husband and Wife. Trover. Practice in Supreme Court. Before Judge Estes. Gwinnett Superior Court. September Adjourned Term, 1883.

George W. McDaniel, "who sues for the use of his wife, Mary McDaniel," brought trover in the statutory form against E. L. Braswell & Son for seventy bushels of corn of the value of $105.00.

On the trial, the evidence showed, in brief, as follows:

On November 21, 1881, defendants sued out an attachment against McDaniel, and it was levied, among other things, upon fifty bushels of corn.

On November 24, 1881, McDaniel filed and had recorded. an exemption of personalty, under §2040 of the Code, including $65.00 worth of provisions, consisting of sixty-five bushels of corn in the shuck and one thousand pounds of fodder. The petition, or statement accompanying the schedule, stated that the applicant was the head of a family, consisting of himself, wife and children, whose names and ages were given, and that he claimed the property set out as an exemption.

When the levy under the attachment was made, a clerk of defendants' went with the constable and carried the corn out of Gwinnett county into Walton county, where it was stored in the crib of defendants. Subsequently the attachment was dismissed. McDaniel asked possession of the corn of one of defendants, but it was refused. Afterwards defendants obtained a judgment against McDaniel in a justice's court, caused it to be levied on the corn, had it sold at constable's sale, and bought it. This was in the spring of 1882. Before the sale, McDaniel showed his schedule to one of defendants, and claimed the corn as exempt from levy and sale. There was evidence to show that the debt of McDaniel to defendants was for supplies to make a crop, of which the corn levied on was a part. McDaniel told them that if they would let him have supplies, the crop should " stand good for the debt," but gave no written lien. The value of the corn was shown.

The jury found for the plaintiff $45.60. Defendants moved for a new trial, on the following grounds:

(1.) Because the court admitted in evidence, over the objections of defendants' counsel, the schedule of property sought to be exempt from levy and sale, it not appearing from the paper that the applicant was a debtor, or from whose estate the property was taken.

(2.) Because the court refused to award a non-suit.

(3.) Because the court refused to charge the jury, as requested by defendants' counsel, that when a party comes into possession of property by purchase, proof of mere

conversion will not do; demand and refusal must be proved to authorize the jury to find for plaintiff.

(4.) Because the court charged the jury that proof of demand and refusal was not necessary; all the demand that was necessary was the service of process by the sheriff.

(5.) Because the verdict was contrary to law and evidence.

The motion was overruled, and defendants excepted.

By order of the presiding judge, the hearing of the motion for new trial was set for January 15, 1884, in Atlanta. On January 12, he wrote a postal card to counsel for both sides as follows:

"I have been requested to postpone the case from Walton from the 15th to 17th, and I hope this will suit you both as well for your case. I hate to have to go on both days in this bad weather. So unless I hear from you to the contrary, I will hear McDaniel *vs.* Braswell, on 17th at state library, at noon."

On January 17, the judge passed a *nunc pro tunc* order postponing the hearing from the 15th to the 17th. A motion to dismiss the motion for new trial was made, on the ground that no order properly continuing the hearing of it had been passed. This was overruled. The motion for new trial having been overruled, the same point was argued in the Supreme Court by motion to dismiss the writ of error.

SAM. J. WINN, for plaintiffs in error.

W. E. SIMMONS, for defendant.

JACKSON, Chief Justice.

This was an action of trover brought by McDaniel against Braswell & Son for the recovery of corn exempted by the plaintiff under section 2040 *et seq.* of the Code. Under the charge, a verdict was returned for the plaintiff, a new trial denied, and on that denial error is assigned.

1. This exemption, now found in section 2040 *et seq.* of the Code, originated in the act of 1822, and has now become a part of the constitution of 1877. In 13 *Ga.*, 302, this court held that no form was necessary to procure such an exemption, which holding has never been disturbed since, so far as we are informed. Therefore, it is not necessary to set out in the application that the applicant is a debtor.

2. The application was properly made in the name of the husband and father. True, the statute declares that it is for the use of wife and children, and they might have brought the action, as ruled by this court; but so may he. In tools and professional library he uses them, and it would be strange if he could not sue. For their use, certainly he might sue for the corn, and the declaration was amendable to add his representative character. After verdict, being amendable, the defect, if any, is cured. 64 *Ga.*, 747; 65 *Id.*, 464.

3. No demand was necessary to show conversion. The corn was in defendants' crib, in his possession. Even if not, the facts show conversion. The defendants levied an attachment on the corn without any oath required by law to subject it as for purchase money, and seized it, carried it out of Gwinnett into Walton county and put it in their crib. Afterwards got judgment and had execution issued and levied on it in their own crib, and bought it themselves. So that it was not only in their possession, but tortiously so. No demand and refusal is necessary in such a case. 2 *Ga.* 116; 46 *Id.*, 230.

4. Even in regular and larger homesteads and exemptions, where the applicant is the father, it is not necessary to allege that the property is his. Surely it is not, where no form at all is necessary. 67 *Ga.*, 669; 68 *Id.*, 489.

5. The entire proceedings of the defendants in trover to possess themselves of this corn were illegal and tortious, and in every view of it, the verdict restoring its value to the plaintiff must be upheld. It seems, however, that the

jury gave more than seventy cents per bushel as the value of the corn. That is the only value proved in this record. The excess must be written off, and the verdict and judgment, so reduced, will stand.

6. The motion to dismiss is denied. The judge notified counsel in writing that he would hear the motion on the 17th instead of the 15th, unless they answered, one or both, that it was objectionable. No answer was received, and both were present on the 17th, and no hurt was done.

Judgment affirmed.