# THE SUPREME COURT OF GEORGIA,

*Decisions Rendered December 15, 1885.*

REPORTED BY J. H. LUMPKIN, REPORTER

## HARRIS *vs.* COATS.

DOWER, FROM PIKE. Estates. Tenants. Husband and Wife. Dower. Estoppel. Evidence. (Before Judge Stewart.)

Hall, J.—1. It was held in Ross *vs.* Wilson, 58 Ga., 249, that the widow of a tenant in common is dowable of lands held by her deceased husband at the time of his death jointly with another, and that partition need not precede the setting aside of the dower, but that the dower might first be set aside and partition might afterward be made.

2. A widow applied for dower, alleging that her husband was a tenant in common of certain lands; objection was filed by the other alleged tenant, who claimed that he alone held the land and denied the interest of the deceased. It was shown that he had repeatedly acknowledged the right of the deceased to an undivided half interest, had returned the property as theirs jointly until after the death of the deceased, and that the latter had with his knowledge received a portion of the rents; also that shortly after the burial of the deceased the objector went to his residence and demanded an inspection of his papers, and upon being refused persisted in his purpose, saying that there was a paper among them which he intended to have before the sun went down; that he asked for the keys of the desk in which the deceased left his papers, but they were refused; that subsequently a son of the deceased and brother-in-law of the objector spent a night at the house and obtained the keys; that the desk was removed, and after that none of the papers it contained could be found.

Held, that the evidence warranted a finding in favor of the applicant for dower, and that the conduct of the objector was sufficient to estop him from denying the seizin of the land by the decedent. 55 Ga., 613.

(a). There was no error in admitting parol evidence to establish the title of the deceased to the land nor in the charge of the court upon that subject.

(b). No diligence was shown in procuring the newly discovered evidence, and it was at most merely cumulative.

Judgment affirmed.

E. F. DuPree, Boynton & Hammond, for plaintiff in error.

J. S. Pope, by John I. Hall, for the defendant.

## CAMP vs. MONTGOMERY.

COMPLAINT, FROM FLOYD. Partnership. Charge of Court. (Before Judge Branham.)

[Jackson, C. J., not presiding, on account of indisposition.]

Hall, J.—Where three parties owned and ran a saw mill jointly, on the agreement that one of them was to conduct the operations of the mill, pay all its expenses from the proceeds and divide the net profits equally between himself and the other two, the three jointly owning the property from which the income was derived, this constituted a partnership between them. Code, §§1887, 1888, 1890; 36 Ga., 334; Parsons Partnership, 40, 71, note 1; 44 Ga., 228, 334, 336.

(a). A charge to the effect that if, under the contract for running the saw mill, one of the parties was to be responsible for no part of the expenses or losses, but was to have a share of the profits only, such a contract would not make them partners, and the person conducting the mill could sue in his own name for lumber sold, was error, because it ignored all other facts in the case tending to show that a partnership existed, and it did not fairly submit the issue. If there were two views of the case, under one of which a partnership would have existed and under the other not, the question should have been fully and fairly submitted to the jury.

Judgment reversed.

C. N. Featherston, for plaintiff in error.

C. A. Thornwell, for defendant.

## MAYNARD & SON vs. PONDER.

COMPLAINT, FROM MONROE. Partnership. Verdict. Parties. Practice in Superior Court. New Trial. Debtor and Creditor. Statute of Frauds. Charge of Court. (Before Judge Stewart.)

Hall, J.—1. Where a suit was brought against a firm, and in addition to the general issue, the defendants filed a plea that they were