## SIMS *v.* SIMS, trustee.

It is not the right of a debtor who has an undivided one-third interest in a tract of land containing eighty acres to have set apart to him, as an exemption under the "pony homestead law," his undivided interest in the land. Before he can assert his claim to the statutory exemption provided for in the Civil Code, § 2866 et seq., he must bring about a partition of the land, in order that the portion thereof to which he is entitled may be ascertained and the number of acres which can legally be exempted may be definitely known and set apart according to law.

Argued April 21, — Decided May 10, 1905.

Petition for partition.    Before Judge Henry.    Floyd superior court.    September 8, 1904.

The petition of Naomi Sims alleged, that she was the owner of an undivided third interest in a described tract of land containing 80 acres, more or less, to which interest she derived title through a certain conveyance executed in 1899; and that the title to the remaining interest was in W. J. Sims, as trustee of two beneficiaries named.  She prayed for a partition of the property.  The petition was filed on December 19, 1903.    The defendant, W. J. Sims, trustee, in his answer alleged, that the plaintiff no longer had an interest in the property; that her interest in it was divested by a sale made by the sheriff, on the first Tuesday in December, 1903, under an execution against her, and by the sheriff's deed to John Sims.  The case was, by consent, tried by the judge without a jury.  The plaintiff put in evidence the deed referred to in her petition, and offered as evidence a petition to the ordinary, with a schedule, filed, approved, and recorded November 27, 1903, by which she sought to have set apart as an

exemption, under the Civil Code, § 2866, the undivided third interest described in the petition for partition. These exemption papers were excluded by the court, the defendant objecting to them on the grounds, that it does not appear that there was no property of the applicant's husband from which a homestead could be set apart; that it does not appear that the land claimed as exempt was surveyed; and that it does not appear that a third in acres would be a third in value of the entire tract. The execution and the sheriff's deed referred to in the answer were offered by the defendant and were admitted in evidence over the objection of the plaintiff that the grantee was not a party, and that he was charged with notice of the exemption before he purchased. The court rendered judgment in favor of the defendant. The plaintiff excepted to the judgment and the rulings stated.

*Henry Walker*, for plaintiff.     *M. B. Eubanks*, for defendant.

EVANS, J. The controlling question in this case is whether or not, under Civil Code, §§ 2866 et seq., a homestead exemption can legally be set apart in realty in which the applicant has only an undivided interest. The land in which an exemption was sought and the interest of the applicant therein were thus set forth in the schedule: "An undivided one-third interest in the north half of lot of land number one hundred and ninety-three, situated in the fourth district and fourth section of Floyd county, containing eighty acres, more or less, valued at one hundred and sixty-seven dollars." The applicant was entitled to have exempted not exceeding fifty acres for herself and five acres for one minor child. If she had been the sole owner of the tract, it would have been necessary for her to have had a survey and plat made of the land to be exempted (Civil Code, § 2868), for otherwise the location and boundaries of the part to which she was entitled could not be known. Had the tract contained not exceeding fifty-five acres, and had she been the exclusive owner of it, no survey would have been necessary as a condition precedent to having it set apart as an exemption. *Rogers* v. *Hawkins*, 20 *Ga.* 200; *Pinkerton* v. *Tumlin*, 22 *Ga.* 165; *Connally* v. *Hardwick*, 61 *Ga.* 501. Or had she only an undivided interest in a tract of fifty-five acres, we see no reason why her interest in it could not be set apart as an exemption without having a survey

and plat of the land previously made and having the plat recorded. It appears that the value of her one-third interest in the eighty-acre tract did not amount to more than $167, and for this reason her counsel insists that there was no occasion for a partition °of the land before applying for an exemption of her interest therein. In support of this position, counsel cites the cases of *Ross* v. *Wilson*, 58 *Ga.* 249, and *Harris* v. *Coats*, 75 *Ga.* 415, wherein this court held that a widow is entitled to dower in lands held by her deceased husband as a tenant in common, and that partition need not precede the setting aside of the dower. The dower interest of a wife is, however, " an estate for life in one third of the lands, according to valuation;" of which her husband died seized (Civil Code, § 4687), and not a right to have set apart to her any designated number of acres of land, as in case of an exemption under what is commonly known as the " pony homestead law." This court has also recognized the right of the head of a family to have a " constitutional homestead " set apart to him out of lands in which he has an undivided interest, without first having partition made; for there is no difficulty in the way of setting the homestead apart, since the value of the land, and not any specified number of acres, determines the interest which may be set apart. Civil Code, §§ 5912, 2827. That is to say, provision is made for setting apart realty not exceeding in value $1600, not for setting apart a tract of land which shall not contain more than a designated acreage. In *King* v. *Dillon*, 66 *Ga.* 137, which involved the setting aside of a " pony homestead," it was held, however, that, " until Dillon's undivided interest was divided and separated from that of the other cotenants [Dillon having bought the interest of King, a cotenant of the others, subject to his right to take a " pony homestead "], King could not practically carve out of it his exemption. It was impossible for him to have laid off to him a portion of land out of another portion until the latter was ascertained and itself laid off." This decision controls the case now before us. The decision was, we think, sound, and in no way in conflict with those cases above referred to wherein dower or a constitutional homestead was permitted to be set apart in realty owned by tenants in common.

The statute providing for setting apart land as a " pony homestead " declares that the land may include the dwelling-house of

the owner, "if the value of such house and improvements does not exceed the sum of two hundred dollars." Civil Code, § 2866. It further provides that real estate in a city, town, or village, not exceeding five hundred dollars, may be set apart in lieu of the fifty acres which the head of a family may have set apart for himself and the additional five acres for each of his minor children under the age of sixteen. But as to a tract of land not in a city, town, or village, the value of the interest therein of one tenant in common affords no test for determining the number of acres which he is entitled to have set apart as an exemption. Until there is a partition in kind, he can not assert exclusive ownership over any designated portion of the tract, and is not entitled, as against his cotenant, to insist, where land is divided by commissioners, that he be given one portion rather than another. In an actual division in kind of a tract of eighty acres into three portions of equal value, one might contain sixty-five acres, another ten, and the third only five. In a tract of one hundred and fifty acres, there would be even less ground for assuming that if an undivided one-third interest therein should be set aside to one of the cotenants as an exemption, he would not, upon a partition of the land in kind, receive no more acreage than he was entitled to hold exempt under the "pony homestead law." The statute evidently does not contemplate that any such assumption shall be made, and there is no real hardship upon the debtor in calling on him to first bring about a partition, either by agreement with his cotenants or by proceedings for partition, before claiming an exemption in land in which he has only an undivided interest. The judgment of the trial judge was in accord with this view of the matter, and our conclusion therefore is that the right result was reached in the court below.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*