## BUILDERS LUMBER COMPANY *v.* HUNT.

No. 9915.   August 10, 1934.   Rehearing denied September 22, 1934.

*John J. McCreary,* for plaintiff.   *J. P. Burnett,* for defendant.

Beck, P. J.   Builders Lumber Company applied for a receiver, an injunction, and other equitable relief against J. R. Hunt, a recently adjudicated bankrupt, praying that his property be impounded for the satisfaction of a purchase-money liability claimed by the company.   Hunt filed a general demurrer, which was sustained by the court.   The allegations of the petition material to the issue involved are that plaintiff, a materialman, brought in the municipal court of Macon an action to establish and foreclose a materialman's lien on the defendant's property, the petition not asking a judgment in personam, but showing that, commencing December 20, 1932, and ending January 26, 1933, the plaintiff furnished to the defendant building materials for the improvement of his property; that on January 28, 1933, the plaintiff had recorded its claim of lien on the defendant's property; that on May 12, 1933, the defendant was adjudicated a voluntary bankrupt; that on June 12, 1933, the identical property improved by plaintiff's building materials, and on which a lien was claimed, was set apart as a homestead exemption by defendant's trustee in bankruptcy; that defendant pleaded his adjudication in bankruptcy as a defense to the lien foreclosure, prayed a stay of proceedings until the question of his discharge was determined, and set up the homestead exemption as superior to plaintiff's lien.   A general demurrer filed by plaintiff was overruled, and proceedings stayed by the trial court until the question of defendant's discharge was determined.   Thereupon plaintiff tendered timely exceptions pendente lite to the municipal-court judge, who declined to certify and allow them or to return them with his objections in writing, but orally informed plaintiff's counsel that the act creating the municipal court of Macon made no express provision for exceptions pendente lite, and that the los-

ing party's sole remedy was a writ of certiorari. Plaintiff then petitioned the superior court of Bibb County, alleging that until final judgment had been rendered on the lien foreclosure the plaintiff could not have said judgment overruling its demurrer reviewed by certiorari; that defendant was in possession of the property, enjoying its use until the final termination of his application for discharge in bankruptcy; that said discharge would not entitle defendant to a judgment in his favor; that the plea in bankruptcy was no defense in law or equity; that petitioner had not proved its claim in the bankruptcy court nor received any dividends therein; that the property would depreciate in its use; that plaintiff could not proceed at law against the defendant, because of the bankruptcy proceedings, because of the overruling of plaintiff's demurrer to defendant's plea of bankruptcy, although plaintiff's claim for the purchase-money of said material was superior to defendant's homestead exemption; that defendant's bankruptcy schedules included only taxes, material-lien claims and labor-lien claims; that said lien claimants, if they proceeded to foreclose their liens and bring the property to sale, would cause the costs, expenses, and advertising charges to aggregate a considerable sum and would increase the amount of liability, to petitioner's injury and damage; that the defendant was wholly insolvent, possessing no property other than that claimed by him as exempt under his homestead; that the placing of the property in the hands of a receiver would protect the property from levy and sale at the instance of lien claimants or judgment creditors, and would enable all lien claimants to have their rights determined without a multiplicity of suits; that the dwelling was likely to burn without insurance in petitioner's favor, and that the ordinary wear and tear incident to the use and occupancy of the premises would cause same to depreciate in value pending the litigation; that plaintiff has no plain, adequate, and speedy remedy at law, by reason of the fact that its exceptions pendente lite were not certified and allowed; and that the law of the case was fixed, although erroneously, by the previous judgment overruling petitioner's demurrer.

The defendant's demurrer was sustained, and the application for a receiver, injunction, and other relief was dismissed. The plaintiff excepted.

The court did not err in dismissing the petition and in refusing

the relief sought. Under the Code of 1910, § 3377, it is provided that there shall be exempt from levy and sale by virtue of any process under the laws of this State, except as thereinafter excepted, of the property of every head of a family, etc., realty or personalty, or both, to the value in the aggregate of $1600, and no court shall have jurisdiction to enforce any judgment, execution, or decree against the property set apart for such purpose, including such improvements as may be made thereon from time to time, except for taxes, for the purchase-money of the same, for labor done thereon, or for material furnished therefor, or for the removal of incumbrances thereon. While these exemptions do include judgments or executions based upon claims for "material" furnished for the improvement of the property exempted, they do not cover judgments or executions based upon claims for material furnished for the improvement of property where the homestead is set apart subsequently to the furnishing of the material. From the report of the case of *Wilder* v. *Frederick*, 67 *Ga.* 669, it appears that the homestead there involved was set apart in December, 1873. The execution was founded upon a debt which existed prior to that time, and was for doors and sash to be used by the defendant in a house situated on the land. In deciding that case this court held: "The first question made by the record is, whether a debt created by the owner of land, *before* the same is set apart as a homestead, for material used in building, or completing his dwelling, can subject the same to sale for its payment. It has been held by this court that the homestead was not subject to the payment of a debt for *labor done thereon* before it was set apart as such. And 'that the word "thereon" in connection with "labor," refers, not to the soil or property out of which the homestead is afterwards carved, but to the land after it is made *homestead.*' 60 *Ga.* 617. It was also held in 58 *Ga.* 360, that the homestead was subject to a debt for labor done thereon in cultivation of crops or other farm work, as in building or other improvements of a substantial nature, *after* it had been set apart. In the 61 *Ga.* 501, it was ruled that land exempted under section 2040 of the Code, though made liable for the purchase-money by the act of 1874, still was not liable for money expended in improvements before any right of exemption was asserted. Thus we think that the principle is ruled in the foregoing decisions, and that by the very words of the constitution

itself this view is strengthened, wherein it says, 'including such improvements as may be made *thereon* from time to time, . . or material furnished therefor.'"

There are other cases decided by this court, showing that the designation of the classes of debts for which the homestead is liable, enumerated under § 3377 of the Code by the words "labor done thereon," "material furnished therefor," etc., refers to labor done and material furnished to the homestead property *after* the homestead had been set apart, and not those things done and material furnished *before* it was set apart. In *Stokes* v. *Hatcher,* 60 *Ga.* 617, this court said that that case was not similar to *Dicken* v. *Thrasher,* 58 *Ga.* 360, and added: "The labor was not done on the homestead, because, when it was performed, there was no homestead; nor was it done for the benefit of the homestead estate, because there was no such estate—no beneficiaries to be benefited; no *quasi cestui qui trust,* to be supported by this labor. In this clause of the exceptions, we hold that the word 'thereon' in connection with 'labor,' refers, not to the soil or property out of which the homestead is afterwards carved, but to the land after it is made homestead." See also *Wright* v. *Carolina Cement Co.,* 177 *Ga.* 564 (170 S. E. 795). And other cases might be cited.

It is argued by counsel for the plaintiff that a claim for material furnished for improving real estate is similar to claims for purchase-money, and would have the same rank. In *Connally* v. *Hardwick,* 61 *Ga.* 501, it was said: "Though the exempted land is liable under the act of 1874 for its purchase-money, it is not liable for money expended, before any right of exemption was asserted, in paying for improvements and for work and labor upon the premises." And in *McWilliams* v. *Bones,* 84 *Ga.* 203 (10 S. E. 724), it was held: "After a careful consideration, we are of the opinion that the decisions [in 60 *Ga.,* 61 *Ga.,* and 67 *Ga.,* cited supra] are correct. The constitution of the State does not make improvements put upon property before the exemption is granted one of the exceptions, but expressly declares the improvements put upon the homestead shall not be subject to levy and sale. . . If lenders of money and those who furnish materials fail to avail themselves of the waiver allowed by law, it is their own fault, and they can not complain."

The decisions cited above are controlling on the main question at

issue in this case. They construe the constitution and statutes to mean that claims for labor done and material furnished in the improvement of real property can not subject a homestead set apart subsequently to the furnishing of the material and the performance of the labor, unless there is a waiver of homestead. In the instant case there was no waiver. There are decisions by courts of other States, in effect holding that claims for material furnished are in the nature of claims for purchase-money; but those decisions can not prevail against our own decisions. Applying the rulings based upon the decisions above cited, the court properly dismissed the petition in this case, as the plaintiff was not entitled to the relief of injunction and receiver. The appointment of a receiver would have been ineffectual, under the principles which we have laid down, because he would not have been authorized to take possession of the property which the plaintiff seeks to have taken into the custody of the court. It would have been idle to appoint a receiver, and the court will not be reversed for not doing an idle thing.

*Judgment affirmed. All the Justices concur.*