## WILDER'S SONS COMPANY *v.* WALKER.

1. The act of October 19, 1891, " to provide additional security to materialmen and laborers," etc. (Acts of 1891, vol 1, p. 233), was not repealed by the act of December 18th, 1893, amending section 1979 of the Code (Acts of 1893, p. 34).

2. It is not essential to the validity of an action brought by a materialman under the former act, that the contractor should be sued jointly with the owner of the realty improved, nor that the declaration should allege that notice of the plaintiff's claim had been given to such owner before he settled with the contractor.

What should be the measure of the plaintiff's recovery in such a case is not now for decision.

May 23, 1896.  By two Justices.  Argued at the last term.

Complaint.    Before Judge Hart.    Baldwin superior court.    July term, 1895.

*Roberts & Pottle*, for plaintiffs.
*Whitfield & Allen*, for defendant.

SIMMONS, Chief Justice.

R. C. Wilder's Sons Company brought their action against Walker under the act of October 19, 1891, entitled "an act to provide additional security to materialmen and laborers," etc. (Acts 1891, vol. 1, p. 233), and in their declaration alleged, in substance, that one Hogan contracted to build a house for Walker; that Hogan and Walker ordered the materials from them with which to build the house; that the materials were furnished by the plaintiffs and were used in erecting the house; that Walker paid to Hogan the entire contract price of the house before receiving from him an affidavit that all the debts incurred for material and labor in building the house had been paid; that the plaintiffs had not consented to the payment of the whole of the contract price to the contractor; that under the act of 1891 it was the duty of the defendant to retain twenty-five per cent. of the contract price until he had received from Hogan an affidavit that all the debts had been paid; that the contract for the building of the house was for the sum of $5,000, and that the defendant was liable to the petitioners for the full amount of the claim as sued for.    The defendant demurred to the declaration, on the grounds, that there was no cause of action; that the act of 1891 had been repealed by the act of December 18, 1893 (Acts 1893, p. 34); that the plaintiffs ought to have joined Hogan as a party defendant in the suit; that there was no allegation that the contractor had ever completed his contract; that the plaintiffs failed to give notice to Walker in writing that

they had furnished the material to Hogan; that plaintiffs sued for twenty-five per cent. of the contract price, whereas if they had any cause of action they could only sue for twenty-five per cent. of the value of the material they furnished to Hogan. The court sustained the demurrer and dismissed the action, and to this the plaintiffs excepted.

1. We think the court erred in sustaining the demurrer. The act of 1891 was not repealed or rendered inoperative by the passage of the act of 1893. The latter was an act to amend section 1979 of the code. The former did not purport to amend that section, but was an act "to provide additional security to materialmen and laborers, to provide a penalty for making false affidavits, and for other purposes." It gave new and distinct rights to materialmen and laborers. It did not attempt to create any lien in their favor, as section 1979 does. It provides, in substance, that every person who gives out a contract for the building of a house, store or mill, etc., shall retain twenty-five per cent. of the contract price thereof until the contractor shall submit to such person an affidavit that all debts incurred for material and labor in building such house have been paid, or that the persons to whom such debts for labor and material are owed have consented to the payment of said twenty-five per cent.; and that any person who shall pay over to the contractor the said twenty-five per cent. of the contract price without requiring the affidavit as aforesaid, shall be liable to the extent of twenty-five per cent. of said contract price to any materialman or laborer for material furnished or work for said contractor in building or constructing said house, etc. It adds that "nothing in this act shall be construed to impair any rights now given by law to materialmen and laborers." The act of 1893 is an amendment of section 1979 of the code, and gives a lien to materialmen of twenty-five per cent. of the contract price of the work done or material furnished, upon notice by the materialman to the owner of the amount of work done or material fur-

nished. This was not an action to foreclose a lien under section 1979 as amended by this act, but was an action for a violation of the act of 1891. That act created a duty on the part of Walker to the plaintiff, and the action was brought for a breach of that duty, and not to foreclose a lien. The two acts are not inconsistent. The first gives a right of action for a breach of a statutory duty; the second gives a lien on the property of the owner to a certain extent mentioned therein. We think, therefore, that the latter act does not repeal the former or render it inoperative.

2. It was not necessary that the plaintiffs should join in their action against the owner of the house the contractor who had built it. The act of 1891 does not create any duty or obligation on the part of the contractor in favor of the materialman. The only person made liable under the act is the person who gives out the contract; and it therefore could not be necessary that the contractor should be joined in the same action with him. The cases of *Lombard* v. *Trustees etc.*, 73 *Ga.* 322, *Castleberry* v. *Johnson*, 92 *Ga.* 499, and *Royal* v. *McPhail*, 97 *Ga.* 457, are not applicable here. They were cases in which the materialman sought to foreclose a lien.

Nor was it necessary that the declaration should allege that the plaintiffs had given Walker notice, as prescribed by section 1979 of the code, before he settled with the contractor. The act of 1891 does not require that such notice shall be given. It seems to contemplate that the owner or person giving out the contract will look out for himself and not pay over the twenty-five per cent. required to be reserved, unless he receives an affidavit from the contractor or the consent of the materialmen. For the same reason it was not necessary to allege that the contractor had completed his work.

As the court below did not pass upon the question as to the amount the plaintiffs should recover, we make no ruling thereon.                *Judgment reversed.*