## EVANS *v.* ROUNSAVILLE & BROTHER.

1. While a discharge in bankruptcy releases the bankrupt from a debt which is provable under the bankrupt act of 1898, and which is not within the excepted classes, and takes away from the creditor the right to proceed against his debtor in personam to recover that debt, yet a valid lien created on the property of the bankrupt more than four months before the filing of his petition in bankruptcy is not affected by his discharge. After discharge, a creditor holding such a lien, who has not proved his debt in bankruptcy, may proceed to enforce it against the property of the bankrupt in the State court.

2. An exemption assigned and set apart by the bankrupt court under the homestead laws of this State is no more subject to levy and sale than if it had been set aside by the ordinary of a county having proper jurisdiction. No reason appears in the record why the exemption set apart was not good as against the lien of the plaintiff in execution in the present case.

3. The trial judge erred in refusing to sanction the petition for certiorari, not because the lien of the creditor was released, but because the facts do not show that the lien can be enforced against the property to which it attached, because of the exemption.

Submitted May 1,—Decided June 9, 1902.

Certiorari. Before Judge Henry. Floyd superior court. September 7, 1901.

*M. B. Eubanks,* for plaintiff in error.    *C. E. Carpenter,* contra.

LITTLE, J. There was tried in a justice's court in Floyd county the case of Rounsaville & Brother against Evans. The trial resulted in a verdict for the plaintiff, and the defendant filed a petition to the superior court, seeking a writ of certiorari. This petition made the following allegations: On August 8, 1901, in the justice's court designated, the stated case was tried, the issue arising on the foreclosure of a mortgage on personal property, and an illegality thereto. The mortgage was dated January 17, 1899, and was given to secure three notes of seventy-five dollars each, described in the petition. It was foreclosed on March 4, 1901, and was levied in the same month on a horse and mule which are also described. To the levy of the execution on foreclosure, the defendant filed an ille-

gality in which he alleged that on the 4th of March, 1901, he filed in the United States district court for the northern district of Georgia his voluntary petition in bankruptcy, and on said date was duly adjudged a bankrupt; that, after having duly conformed to all the requirements of the bankrupt act, he was, on May 4, 1901, granted a discharge in bankruptcy; that said discharge operated to discharge him from all debts which existed against him prior to March 4, 1901, which were provable in bankruptcy; that plaintiffs' debt existed prior to that time; that they were notified of the pendency of the bankruptcy petition, and had full opportunity to be heard; that he had been discharged from the debt which the mortgage was given to secure, and for that reason the mortgage fi. fa. was proceeding illegally. On the trial it was admitted that plaintiffs in fi. fa. were duly notified of the pendency of the bankruptcy proceedings, that plaintiffs' debt existed prior to the bankruptcy proceedings, and that the property levied on was scheduled and set apart as an exemption to him by the trustee in bankruptcy. A certified copy of defendant's discharge in bankruptcy in the usual and proper form was introduced in evidence. On the presentation of this petition the judge of the superior court passed the following order: "This petition for certiorari read and considered. Giving to the bankrupt act, approved July 1st, 1898, the construction put upon it by the Supreme Court of this State, in the case of *Carter* v. *Peoples National Bank*, reported in 109th *Ga. Reports*, at page 573, I am of the opinion that the justice court rightly decided the questions presented by the case. I therefore decline to sanction the petition." To this order and judgment the petitioner excepted.

Inasmuch as we reverse the judgment in this case, and the trial judge predicated that judgment on the ruling made in *Carter* v. *Peoples National Bank*, 109 *Ga.* 573, we refer to that case at the outset of this opinion, for the purpose of ascertaining what principle of law bearing on the facts of the case now presented was determined. We find that the only ruling with reference to the bankruptcy laws which was there made was that "A plea interposed to a proceeding to foreclose a mortgage on land, in a superior court of this State, that, pending the proceedings to foreclose, the mortgagor was adjudicated a bankrupt, and praying that such proceedings be stayed for the period of twelve months or until the

question of the discharge in bankruptcy of the mortgagor is determined, is not good, and the court committed no error in sustaining a demurrer to the same." The principle so ruled we still hold to be good law, but not at all applicable to the material issues raised in the present case. It appears that Evans executed a mortgage on certain personal property in favor of Rounsaville & Brother, to secure certain notes, on January 17, 1899, and that Evans was adjudicated a bankrupt in March, 1901, and was given his discharge in May of the same year. So far as appears from the present record, the debt of Rounsaville & Brother was provable in bankruptcy; and debts which by their nature are provable in bankruptcy, with certain stated exceptions noted in section 17a of the bankrupt act of 1898, are released by a discharge in bankruptcy. That is to say, a discharge in bankruptcy releases the bankrupt from a provable debt not within the excepted classes, and takes away the creditor's right to proceed against him in personam. But while this is true, such discharge, in a case where the creditor did not appear in the court of bankruptcy, does not affect a lien on the property of the bankrupt which was acquired more than four months before the filing of the petition in bankruptcy, provided the lien is otherwise valid. Brandenburg on Bankruptcy, 277, § 22; In re Blumberg, 1 N. B. N. 252, 1 A. B. R. 633, 94 Fed. Rep. 476. In the case last cited it was expressly ruled by Clarke, J., in the United States district court for the eastern district of Tennessee, that while a discharge in bankruptcy releases the bankrupt from a provable debt which is not in the excepted classes, and takes away the creditor's right to proceed against him thereafter in personam, it does not affect the lien of a valid attachment levied on the bankrupt's goods more than four months before the filing of the petition in bankruptcy. The lien in the case decided by Judge Clarke was created by attachment, while in the present case it was created by a mortgage executed in January, 1899, and at the time it was levied it had been a valid and subsisting lien for more than two years. A fair construction of the bankrupt act of 1898 leads to the conclusion that the discharge in bankruptcy which Evans obtained released the debt secured by the mortgage, so far as to prevent its enforcement by this creditor in a personal action against Evans; but that discharge in no way affected the lien which Rounsaville & Brother held on the property described in the mortgage. Therefore, as to

the ground that the mortgage fi. fa. was proceeding illegally, the judge committed no error in refusing to sanction the certiorari.

The petition for certiorari alleged that the verdict in the justice's court was contrary to law and without evidence to support it. It appeared that the property levied on had been set apart in the bankruptcy court as exempt. So, then, while the lien of the plaintiff in fi. fa. was not affected by the discharge in bankruptcy given to Evans, the property to which the lien attached had been set apart to him as an exemption authorized by the laws of Georgia; and assuming, as we do, that Evans was in proper position to claim and have set apart an exemption — because we presume that it would otherwise not have been so set apart, — we know of no reason why the exemption was not good as against the lien. Nothing appears in the record tending to show that the right of exemption was waived in favor of the creditor. Had this fact appeared, an altogether different question would have been presented. If Evans had a valid exemption not subject to the lien of Rounsaville, the petition for certiorari should have been sanctioned, not because his discharge affected the mortgage lien, but because Rounsaville could not enforce his lien against the exemption which had been granted him in the bankruptcy court. It was ruled in the case of *Ross* v. *Worsham*, 65 *Ga.* 624, that, "When in the bankrupt court an exemption is granted by the judge or register, such exemption is no more subject to levy and sale than if it had been set apart by the ordinary having jurisdiction thereof." See *Collier* v. *Simpson*, 74 *Ga.* 697; *Broach* v. *Powell*, 79 *Ga.* 79; *Barrett* v. *Durham*, 80 *Ga.* 336; *Dozier* v. *Williams*, 84 *Ga.* 303; *Brady* v. *Brady*, 71 *Ga.* 71. For aught that appears, as we have said, the lien, while not affected by the bankruptcy proceeding, could not be enforced against the homestead property. There was nothing in the petition for certiorari showing that it could be. Hence the petition should have been sanctioned, and the writ issued, and, on the facts set out in the record, the judgment of the justice of the peace should have been reversed.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*