## CLAYTON v. FARRAR LUMBER COMPANY.

In a suit to foreclose a lien on real estate, for materials furnished to a contractor and used by him in improving said real estate, the contractor is a necessary party ; and where no process is prayed against such contractor, though he may be referred to in the petition as one of the defendants, and though the clerk annexes a process against "the defendants" generally, he is not thereby made a party, and a demurrer setting up these objections should be sustained.

. Argued November 5, — Decided November 14, 1903.

Foreclosure of lien.    Before Judge Fite.    Whitfield superior court.    May 20, 1903.

*R. J. & J. McCamy*, for plaintiff in error.
*C. D. McCutchen, F. K. McCutchen*, and *W. E. Mann*, contra.

TURNER, J.    The Farrar Lumber Company brought a suit in the superior court of Whitfield county, to foreclose a lien which they claimed on certain real estate in the city of Dalton, and the petition alleged that the plaintiffs had furnished materials to W. T. Jones, a contractor, for the improvement of the real estate, belonging to Willis Clayton, in the city of Dalton.    The petition seemed to be against both the contractor and the owner of the city lot, the averment in the petition being that the plaintiffs " bring this complaint against W. T. Jones, contractor, and Willis Clayton."    But the prayer for process was, " that process do issue requiring the said Clayton to answer to this complaint."    The defendants being alleged to be non-residents of Whitfield county, a prayer was added that service be perfected upon them by publication.    The process actually attached to the petition, after stating the case, directed " the defendants " to be and appear, etc.    It also appears that the sheriff made a return that he had left a copy of the writ at the most notorious place of abode of the defendant Willis Clayton ; and it further appears, from an order passed by the judge, that service by publication had been perfected.    The important question in this case is whether, without a prayer for process against W. T. Jones, the contractor, the act of the clerk in issuing process against " the defendants " made Jones a defendant to the suit.    We think not.    *McGhee* v. *Gainesville*, 78 *Ga.* 790 ; *Orr Shoe Co.* v. *Kimbrough*, 99 *Ga.* 143 ; *Seisel* v. *Wells*, Id. 159.

The next question is whether the contractor was a necessary party to the foreclosure of the lien claimed by the plaintiffs. This court has held that, in such a suit, the contractor is a necessary party defendant. *Lombard* v. *Trustees*, 73 *Ga.* 322 ; *Castleberry* v. *Johnston*, 92 *Ga.* 499 ; *Montague* v. *Chattanooga R. Co.*, 94 *Ga.* 668 ; *Royal* v. *McPhail*, 97 *Ga.* 457.    It is true that it was held in the case of *Wilder* v. *Walker*, 98 *Ga.* 508, that it was not essential to the validity of an action brought by a materialman under the act of October 19, 1891, that the contractor should be sued jointly with the owner of the realty improved, as that act only gave a remedy against the person who gave out the contract. See page 511 (2).    The present case was not, however, brought under that act, but under the provisions of the Civil Code, § 2801, as amended by the act of December 19, 1899, providing for a lien in favor of a materialman who furnishes a contractor with material with which to improve another's real estate.

The demurrer of the defendant Willis Clayton, which was based on the grounds indicated above, should have been sustained.

*Judgment reversed.    All the Justices concur.*