## MAUCK *v.* ROSSER *et al.*

1. One who had furnished materials to a contractor, to be used in improv-
ing the real estate of another, brought an action against the contractor
and the owner of the property improved, in a justice's court of the dis-
trict of Fulton county wherein the land was located and such owner re-
sided, for the double purpose of obtaining a personal judgment against
such contractor for the price of such materials and foreclosing a mate-
rialman's lien upon the realty improved. The contractor resided in
DeKalb county, and did not file any plea or otherwise enter an appear-
ance in the case. *Held*, that a judgment rendered in such proceeding
against the contractor was void, as the court had no jurisdiction over
him.

2. A defendant to a proceeding in a justice's court which has no jurisdic-
tion over him, who files no plea, enters no appearance, and makes no
defense therein, does not waive such want of jurisdiction by merely tes-
tifying as a witness in the case in behalf of the plaintiff, by whom he is
introduced, although when placed upon the stand as a witness he does
not raise the question of the court's jurisdiction over him as a party
defendant.

3. There can be no valid judgment of foreclosure of a materialman's lien
for materials furnished to a contractor, upon the real estate improved

with such materials, in the absence of a valid judgment in his favor against the contractor for the price of such materials.

Submitted March 3,—Decided August 13, 1906.

Certiorari. Before Judge Pendleton. Fulton superior court. July 26, 1905.

Mauck, for the purpose of foreclosing a materialman's lien upon realty belonging to Rosser and Blalock, brought a suit against them and Kellam, a contractor to whom he furnished material for improving the property. The suit was brought in the justice's court of the district of Fulton county wherein Rosser resided and the realty in question was located. Blalock resided in Fayette county and Kellam, the contractor, in DeKalb county. All of the parties defendant were served. Kellam filed no plea and made no defense. Rosser and Blalock filed two special pleas, in one of which they alleged that the court had no jurisdiction to entertain a suit for the foreclosure of a lien upon real estate, but that the superior court of Fulton county had jurisdiction of the subject-matter of the suit. In the other they alleged that the contractor, Kellam, was not a party to the suit, no service having been made on him, and that the suit could not be maintained against them, without Kellam as a codefendant. Subject to these pleas, they pleaded that the plaintiff could not maintain his action to foreclose the alleged lien, because there had been no judgment against the contractor, nor any valid suit filed against him, prior to or concurrently with this proceeding. The magistrate overruled these pleas. After the plaintiff had closed his evidence and Rosser and Blalock had moved to dismiss the case on the ground that it was not made out, and the magistrate had indicated his intention to sustain this motion, Kellam came into the court-room, and the court, over the objection of Rosser and Blalock, allowed the plaintiff to reopen the case and introduce him as a witness. The magistrate rendered a general judgment for the amount sued for, in favor of the plaintiff against Kellam, and a judgment setting up and establishing a special lien upon the real estate in question of Rosser and Blalock, for a like amount. Rosser and Blalock obtained a writ of certiorari, and upon the hearing the same was sustained and final judgment was rendered dismissing the plaintiff's case; whereupon he excepted.

*James E. Warren* and *Walter McElreath,* for plaintiff.

*Ben. J. Conyers,* for defendants.

COBB, P. J. 1. In our opinion, there could be no lawful judgment foreclosing a materialman's lien in this case, for the reason that no judgment for the amount of the claim had been previously obtained against the contractor, and no valid judgment could be rendered against him in this proceeding, because the court had no jurisdiction over him, and he did nothing which amounted to a waiver of jurisdiction. *Hartsfield* v. *Morris, 89 Ga.* 254, and cit.; *Sanford* v. *Bates, 99 Ga.* 145. Section 16 of article 6 of the constitution of this State deals with the subject of venue. Paragraph 1 of this section provides for the venue of divorce cases. Paragraph 2 declares that cases respecting the titles to land shall be tried in the county where the land lies, except where a single tract is divided by a county line, when the superior court of either county shall have jurisdiction. Paragraph 3 provides that equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed. It is provided in paragraph 4 that "suits against joint obligors, joint promisors, copartners, or joint trespassers, residing in different counties, may be tried in either county." Paragraph 5 provides that "suits against the maker and indorser of promissory notes, or drawer, acceptor, and indorser of foreign or inland bills of exchange, or like instruments, residing in different counties, shall be brought in the county where the maker or acceptor resides." Then, paragraph 6 lays down the general rule as to the venue in civil cases in the following words: "All other civil cases shall be tried in the county where the defendant resides." Civil Code, §§ 5869, 5870, 5871, 5872, 5873, 5874. It is apparent, therefore, that in so far as the present case was a proceeding against Kellam, the contractor, for the purpose of recovering a general judgment against him for the amount of the plaintiff's claim, it had to be brought in the county of his residence, which was DeKalb, unless the case falls within some one of the above-indicated exceptions to this general rule as to the venue of civil cases, which are enumerated and specified in the constitution. Of course the case is not covered by the provisions of paragraphs 1, 3, or 5. Naturally, it is not contended by the plaintiff in error that the case falls under the provisions of paragraph 2, as this would amount to an abandonment of his case, for

the reason .that justices' courts have no jurisdiction of cases respecting the titles to land. What the plaintiff in error does contend, however, is that the case falls within the exceptions to the general rule, which are found in paragraph 4, which, as we have seen, provides that "Suits against joint obligors, joint promisors," etc., "residing in different counties, may be tried in either county." It seems to us perfectly clear that the owner of real estate and one who contracts with him to improve it are not, relatively to a contract between the contractor and a materialman who furnishes him with materials to be used in improving the property, joint obligors, or joint promisors. A very simple test will demonstrate this. If they are joint obligors, or promisors, to the materialman, then he would have the right to sue them both upon the contract, in the same action, in the county of the residence of either, and to obtain a general judgment against both. We apprehend that no one would seriously contend that where one who has contracted with the owner of real estate, for a stipulated compensation, to place improvements thereon at his own expense, purchases, for the purpose of carrying out his contract, building material from a third party upon a credit, and fails to pay for the same, the person furnishing such building material can sue the owner of such real estate for a breach of such contract of purchase, and recover a general judgment against him for the contract price of such material. He can not do this, for the very obvious reason that the owner of the property improved was no party to such contract of purchase. Joint obligors are not only liable upon the same contract, but their liability thereunder is the same in extent. Upon a breach of the contract, they may be all sued and all held individually liable to the full extent of the damages sustained by the plaintiff. In a case of the character of the one with which we are dealing, the owner of the property improved by the contractor can not be held individually liable at all upon the contract between the contractor and the materialman. No general judgment can be obtained against him, but only a judgment establishing a lien upon certain property belonging to him. And the plaintiff below in the present case seemed to recognize this, for he made no effort to obtain a personal judgment against the owners of the land improved. He did not even attempt to sue the contractor to whom he furnished material for improving the property and the owners of the property

as joint obligors. If the contention of counsel for plaintiff in error were sound, the passage of the act of October 19, 1891 (Acts 1890-1, p. 233), now embodied in the Civil Code, § 2802, was an idle and useless thing. That act provides that any person who gives out to contract the building or construction of any house, etc., shall retain twenty-five per cent. of the contract price thereof, until the contractor submits to him an affidavit that all debts incurred for material and labor in building or constructing such house, etc., have been paid, or that the persons to whom such debts are due have consented to the payment of such balance of the contract price; and that if he pays to the contractor such twenty-five per cent. of the contract price, without requiring such affidavit, he shall be liable, to the extent of twenty-five per cent. of the contract price, to any materialman or laborer for material furnished or work done for the contractor in the building or construction of such house, etc. It took a statute to render the owner of the real estate improved personally liable to any extent to a materialman for material furnished by him to the contractor who improved the property. If the owner and the contractor had been, under the existing law, jointly liable to the materialman, under the contract between him and the contractor, this statute would have been unnecessary. As said by Chief Justice Simmons, in *Wilder* v. *Walker,* 98 *Ga.* 508, 510, this act "gave new and distinct rights to materialmen and laborers." He further said that this act "gives a right of action for a breach of a statutory duty." The reference to this act is merely for the purpose of illustration, the provision referred to having been repealed by a later act. We fail to see wherein the decision rendered in *White* v. *Davis,* 35 *Ga.* 269, which is cited and relied on by counsel for plaintiff in error, even tends to support their contention in the present case. There it was decided that the principal and the surety upon a promissory note could be sued together, in the county of the surety's residence, because they were "joint and several promissors, and the note [was] to be treated as the joint and several note of them all."

2. As the present case does not fall within any of the exceptions to the general rule laid down by the constitution, that all civil cases shall be tried in the county where the defendant resides; and as it appeared upon the face of the proceeding that Kellam, the contractor, and the party against whom a general judgment was

sought, did not reside in Fulton county, it follows that the justice's court of that county, wherein the action was brought, had no jurisdiction to render a judgment therein against him, unless, in response to the summons, he appeared and voluntarily submitted himself to its jurisdiction in this particular case. He filed no plea, entered no appearance, and took no part whatever in the trial of the case, except to testify as a witness in behalf of the plaintiff, by whom he was introduced, after the plaintiff had closed his evidence and the court had indicated an intention to sustain the motion to dismiss the case, upon the ground that it was not made out. We think it is obvious that, under these circumstances, there was no waiver of jurisdiction on the part of Kellam. Counsel for plaintiff in error, in their brief, say: "No formal written pleading is necessary in a justice's court as a defense to an action on account not sworn to. The manner of making defense in such a case is to appear and, by evidence, contest the justness and fairness of the account." But Kellam did not do this. He did not appear to make any defense at all. He walked into the court-room, when the magistrate was about to render judgment against the plaintiff, and the plaintiff, in order to save his case, introduced him as a witness. Counsel say: "He appeared, and without objecting in any way to the jurisdiction, gave testimony which 'made out the case' against himself, and showed the existence of the materialman's right of lien. Jurisdiction was therefore waived, and the waiver was good as to all the parties to the cause." The answer to this is, that he made no appearance in the case as a party, but appeared only as a witness produced by the plaintiff. The court had jurisdiction over him as a witness when he was in its presence and was offered as such, although he resided in a different county, whether it had jurisdiction over him as a party to the case or not; and when placed upon the stand as a witness it was not incumbent upon him to raise the question of the court's jurisdiction over him as a party. An implied waiver of jurisdiction arises when a defendant appears and pleads to the merits, without pleading to the jurisdiction, and without excepting thereto. Civil Code, § 5080. It is evident that there was no plea to the merits by Kellam in this case, either written or oral. He did not plead at all; he simply testified, and did this, not at his own instance, but at the instance of the plaintiff.

The case of *Berrie* v. *Smith,* 97 *Ga.* 782, will not be extended beyond its peculiar facts.

3. It is well settled that before a materialman's lien for materials furnished to a contractor to improve the real estate of another can be foreclosed, there must be a judgment for the price of such materials in his favor against the contractor, or the contractor must be sued concurrently with the owner of the property improved. *Lombard* v. *Trustees,* 73 *Ga.* 322; *Castleberry* v. *Johnson,* 92 *Ga.* 499; *Clayton* v. *Farrar Lumber Co.,* 119 *Ga.* 37. In the present case there was an effort by the materialman to sue the contractor to whom he had furnished the material, and the owner of the property upon which it was used, concurrently; but this effort failed, because the court in which the suit was brought had no jurisdiction over the contractor. And as the materialman could not foreclose any lien upon the property in question, without a valid judgment establishing the liability of the contractor for the amount of his claim, the judgment of foreclosure was void.

It follows that the judge of the superior court not only did right in sustaining the certiorari, but also did right in rendering a final judgment, dismissing the plaintff's cause. Whether or not the intimation thrown out in *Castleberry* v. *Johnson,* 92 *Ga.* 499, as to going into equity when the contractor had left the State, would have any application to residence in different counties, is a question not now before us.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*