281.    PHILIP CAREY MANUFACTURING COMPANY *v.*
VIADUCT PLACE *et al.*

1. A materialman's lien is not complete as such until there is a judgment fixing the amount.
2. In order to foreclose and perfect such lien so as to bind the owner of real estate for the price of material furnished a contractor, there must be a judgment against the contractor, where no privity exists between the materialman and the owner of the property.
3. The filing of a suit to foreclose a materialman's lien, claim of which has been previously filed in accordance with law, does not of itself create such lien; and the existence of such lien may be prevented.

·(*a*) There is a difference between a claim of lien and the lien itself when established in accordance with § 2804 of the Civil Code.

(*b*) The contractor must be sued with the owner of the realty sought to be subjected to the special lien, and the owner's liability as to amount and in all other respects can be no greater than the contractor's.

4. Consequently, where the contractor is discharged in bankruptcy prior to the judgment creating the lien, and his liability is thereby annulled, the lien can not thereafter be foreclosed against the property of the owner and a judgment be rendered against him. It would require an equitable action to protect the plaintiff in the rights sought to be asserted under the circumstances. *Hudson* v. *Lamar*, 121 *Ga.* 835; *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628.

Foreclosure of lien, from city court of Atlanta—Judge Reid. November 30, 1906.

Argued April 10,—Decided May 3, 1907.

*J. E. & L. F. McClelland*, for plaintiff. *Smith, Hammond & Smith, Culberson & Johnson, W. E. Talley*, for defendants.

RUSSELL, J. Philip Carey Manufacturing Company brought suit to foreclose a materialman's lien on the property called the Viaduct Place, in the city of Atlanta, against Steiner-Emery Company as owners and J. F. Clemmons as contractor. By agreement of the parties his honor, H. M. Reid, judge of the city court of Atlanta, without the intervention of a jury, rendered judgment in the case, upon the following agreed statement of facts: . The Philip Carey Manufacturing Company is a corporation of Ohio with a place of business in the city of Atlanta, and is a materialman. J. F. Clemmons was a contractor, and had contracted to improve the Viaduct Place. Clemmons purchased of the Philip Carey Manufacturing Company certain material, part of which, amounting to $51.15, was used in improving the building of Viaduct Place. Said material was furnished during the month of August, 1905. Philip Carey Manufacturing Company filed its claim of lien in the office of the clerk of the superior court of Fulton county, October 7, 1905, and it was recorded October 10, 1905. The building improved is in Fulton County, Ga. The Philip Carey Manufacturing Company filed their suit on October 13, 1905, against J. F. Clemmons, contractor, and Steiner-Emery Company, now Viaduct Place, owners. Both of said parties were served October 20, 1905. Clemmons was adjudicated a bankrupt on October 5, 1905. On the schedule of said bankrupt it appears that the Philip Carey Manufacturing Company was a creditor of

the bankrupt in the sum of $159.76; and it was admitted that said debt was scheduled in said bankruptcy proceedings, and the manu-facturing company had notice of the bankruptcy proceedings, but never proved or attempted to prove their claim. The balance due Clemmons by Viaduct Place was set apart to him as a homestead. The order of court confirming the homestead was dated July 18, 1906, and Clemmons was granted his final discharge in bankruptcy July 21, 1906.

Upon the above agreed statement of facts and the admissions of the pleadings the following judgment was rendered: "Upon the pleadings in said case and upon the agreed statement of facts sub-mitted, the court finds for the defendant, J. F. Clemmons, on his plea of discharge in bankruptcy. As no judgment can be ren-dered against Clemmons as contractor, I find in favor of the other defendant; and judgment is rendered against the plaintiff for costs." The plaintiff in error excepts upon the ground that the judgment is contrary to law and without authority of law; that the effect of said judgment is to hold that the discharge in bank-ruptcy of a contractor relieves the property improved of a material-man's lien for material furnished to improve the same. The con-tention of the plaintiff in error is, that, while no general judg-ment can be obtained against the contractor after his discharge in bankruptcy, the bankrupt can be made a party for the purpose of fixing the amount of the debt, and that the debt so fixed thus be-comes a lien against the property improved, and the contractor's discharge in bankruptcy does not relieve the property improved of its lien.

We think the finding of the trial judge was manifestly correct, in view of the facts submitted. The contractor was adjudged a bankrupt on October 5, 1905, two days before the plaintiff in er-ror filed its claim of lien on the property of Viaduct Place on ac-count of the material in question. In the contractor's schedule in bankruptcy it was shown that the plaintiff in error was a creditor of the contractor on this claim for material, and that the claim was provable in bankruptcy. According to the agreement of facts, the plaintiff in error paid no attention to the proceedings in bank-ruptcy. It could have gone into the bankrupt court and have es-tablished the amount of its lien and identified the use to which its material was put. It had notice that the bankrupt court was deal-

ing with this debtor, the contractor, and all of his rights and liabilities. This case came on to be.tried November 30, 1906. On July 21, 1906, the contractor, Clemmons, was given his final discharge in bankruptcy, and such discharge was set up by defendant in his plea. The amount due the contractor by Viaduct Place, as shown by the agreed statement of facts, had been set apart to Clemmons as part of his exemption. The discharge of the contractor relieved Viaduct Place, especially in view of the fact that the title of the indebtedness was vested in the defendant as part of his exemption. The plea of the defendant Viaduct Place, which is not denied, says that "demands had been made on this defendant by the trustee in bankruptcy for said J. F. Clemmons for the balance due by this defendant to said Clemmons on account of said work. This defendant shows that the exclusive jurisdiction of the assets of said J. F. Clemmons, part of which indebtedness of this defendant to said Clemmons on account of work done by him on said building, is vested in the United States District Court, sitting in bankruptcy; and if the plaintiff has any claim to or lien upon said fund or any part of it, the court of bankruptcy has full jurisdiction to adjudicate said claim." The plea proceeded further to state that the defendant withheld the amount due, as shown by the affidavit of Clemmons, made in accordance with the statute, to wit, the sum of $51.15, which is mentioned in the agreed statement.of facts.

Under the very letter of the bankrupt act the court could not enter judgment against Clemmons, because he had been adjudicated a bankrupt and discharged. Being without power to render judgment against the contractor, the court could not render a general judgment against Viaduct Place. And the plaintiff's only remedy was to enforce against the specific property, into which its material went, a previous or contemporaneous judgment against the contractor, fixing the amount of the balance due the contractor by the property owner for material furnished. It is well settled that a special judgment, fixing a lien on the property of an owner in favor of one as to whom no privity of contract exists, can not be obtained until there is first a general judgment for the claim against the contractor. Lombard v. Trustees, 73 Ga. 322; Castleberry v. Johnson, 92 Ga. 499; Clayton v. Farrar, 119 Ga. 37; Mauck v. Rosser, 126 Ga. 268. It is held in Klipstein v. Allen-

Miles Co., 136 Federal, 385, that even the process to secure an inchoate lien against one who is adjudged a bankrupt during the progress of the proceeding may be interrupted by bankruptcy proceedings. But this case is even stronger than the Klipstein case; for in the present case Clemmons had been adjudged a bankrupt before any claim of lien was filed by the plaintiff in error. Before the claim of lien was filed, the debt was duly scheduled in bankruptcy, was provable in bankruptcy, and could be discharged in bankruptcy. For the plaintiff's right of lien to be perfected, it was bound to file a suit within twelve months and to procure a judgment against the contractor. As bankruptcy proceedings were already pending, the suit was destined to be of no avail, unless the bankrupt failed to procure a discharge. When the discharge was granted, and was pleaded in the suit, the last chance for the establishment of the special lien was obliterated. In the Klipstein case, cited above, an effort was made to subject the property of a third person to garnishment proceedings. Before final judgment, affecting the rights of such third person, was rendered, there was no obligation as to such third person. The rendition of the final judgment was interrupted by the discharge in bankruptcy, and the bar thus interposed relieved and discharged the garnishee from all liability, notwithstanding a dissolution bond had been given. In the case at bar the Carey Manufacturing Company sought to subject the property of Viaduct Place, a third person, so far as any contractual relation is concerned, to the payment of Clemmons' debt. Before this could be done, judgment against Clemmons was essential. Before such judgment could be rendered, discharge in bankruptcy intervened and made the rendition of a judgment against Clemmons impossible. And the plaintiff having without objection allowed the amount due by Viaduct Place to the contractor to be set aside as part of his exemption, not only would Viaduct Place, if judgment were rendered against it in this case, be compelled to pay the same amount twice, but the effect of the bar of the judgment of discharge was to relieve Viaduct Place and its property from all liabilities to the plaintiff in error. Under the admitted facts the judgment of the lower court appears to us to be a legal necessity.

Learned counsel for plaintiff in error cite the case of *McCall* v. *Herring*, 116 *Ga.* 234, as authority for the proposition that in an

action in which only the establishment of a special lien on specific property is sought and no judgment in personam is prayed against the defendant, a plea to the effect that the defendant has been adjudicated a bankrupt presents no defense to the action. In that case a security deed upon his own property was given by the bankrupt more than four months prior to the bankruptcy. It was not in any manner affected by the bankruptcy proceedings, as there was a legal method of enforcing it without the necessity of a judgment against the bankrupt. From the statement of facts in the *McCall* case it appears that the United States court passed an order allowing the plaintiff to prosecute her suit for the purpose of obtaining a special judgment and having her lien fixed against the property described in the deed. And in this case, if the plaintiff had proceeded in the United States court to bring to the attention of that court the fact that it claimed a special lien for the material furnished, it is to be presumed, following its prior ruling in the *McCall* case, that the United States court would have arrested its proceeding as to the claim in question until the plaintiff, if entitled thereto, could have established its special lien; and thereupon would have directed that the amount admitted by the contractor to be due be applied to the payment of the special lien, instead of making it a part of the bankrupt's exemption. The holding in the *McCall* case was to the effect that the fact that defendant had been adjudicated a bankrupt was no bar to the assertion of her lien by one who held a deed to the land as security for her debt. There is considerable difference between this and the assertion of a lien for material furnished to a contractor in building or repairing a building. In the one case, by law, the title vests in the holder of the security deed, in the other case the owner of the property may not even know of the claim against his realty. The dealing in the first case is inter partes. In the latter the rights of third persons are affected. The property conveyed to secure the debt in the *McCall* case could not be exempted so as to defeat plaintiff's lien. In the present case the plaintiff had no lien which would withstand or overcome the exemption, unless it had procured its recognition in the bankruptcy proceedings.

The case of *Smith* v. *Zachry*, 115 *Ga.* 722, and *Evans* v. *Rounsaville*, 115 *Ga.* 684, are not in point. In the *Zachry* case Smith was adjudicated a bankrupt more than a year after Zachry ob-

tained his judgment. The court held that the lien was not lost because Smith had been adjudicated a bankrupt. And in this case, if the manufacturing company had obtained a lien by a judgment against Clemmons (instead of merely claiming a lien) prior to the adjudication in bankruptcy, our holding would be the same as in the *Zachry* case. In the *Evans* case there is nothing in conflict with what we now hold. All that is decided is that a valid lien, created on the property of the bankrupt more than four months before the filing of the petition in bankruptcy, is not affected by his discharge, and that after such discharge a creditor holding such a lien may proceed to enforce it against the property of the bankrupt in the State court. Counsel also cites the case of *Carter* v. *Peoples' National Bank*, 109 *Ga.* 573. As construed by the Supreme Court in the *Evans* case, supra, the only ruling made in the *Carter* case with reference to the bankrutcy law is, that "a plea interposed to a proceeding to foreclose a mortgage on land, in a superior court of this State, that, pending the proceedings to foreclose, the mortgagor was adjudicated a bankrupt, and praying that such proceedings be stayed for the period of twelve months or until the question of the discharge in bankruptcy of the mortgagor is determined, is not good, and the court committed no error in sustaining a demurrer to the same." The cases of *Philmon* v. *Marshall*, 116 *Ga.* 811, *McKenney* v. *Cheney*, 118 *Ga.* 387, *Camp* v. *Young*, 119 *Ga.* 981, have no application to the issue before us. Each of these decisions passes upon liens already established, and firmly fastened on the property of the bankrupt more than four months prior to adjudication.

If the question is, as distinctly stated by counsel for plaintiff in error, whether or not a valid vested lien of a materialman, under the State law, against the owner of property for improvement of his real estate, is divested by a petition in bankruptcy by or against the contractor, we would unhesitatingly answer, no. But if the question as applicable to the facts of this case is whether a lien in process of establishment is prevented from ripening, by a discharge in bankruptcy, where the rights of innocent third parties are concerned (whose double liability might have been prevented by the plaintiff), we answer, yes. As to whether a mere petition in bankruptcy would have the effect of estopping the prosecuting and per-

fecting of the lien, it is not necessary now to decide; as a final discharge was admitted in this case.

All of the cases cited are similar to the pending case. In *Kollock* v. *Jackson*, 5 *Ga.* 153, the factor's lien rested on actual possession of the property of the bankrupt prior to the bankruptcy. In *Loudon* v. *Blandford*, 56 *Ga.* 151, the question raised here was not decided, but the lien was complete prior to the bankruptcy proceedings. In *Berry* v. *Jackson*, 115 *Ga.* 196, the title to specific property was involved, the plaintiff in the trover proceedings, on the one hand, claiming the actual title, and the bankrupt resisting on the other. A fundamental distinction, however, between all the cases cited and the case at bar is, that in this case the plaintiff in error seeks to *establish* a lien on the property of a third person, whereas the cases cited treat only of liens already established on the property of the bankrupt himself prior to bankruptcy proceedings.                              *Judgment affirmed.*