1226.  BUCK *v.* TIFTON MANUFACTURING COMPANY.

A materialman who has furnished articles to a contractor for the improvement of the real estate of another can not maintain a separate action at law against the landowner, until he has first obtained a judgment against the contractor.

Foreclosure of lien, from city court of Tifton—Judge Eve. May 16, 1908.

Submitted July 17,—Decided August 4, 1908.

*J. B. Murrow, J. J. Murray, T. H. Parker,* for plaintiff in error. *Fulwood & Murray,* contra.

POWELL, J. The materialmen furnished articles to a contractor who was erecting a building for the landowner. The contractor lived in Colquitt county, the landowner in Tift. The materialmen brought suits, on the account against the contractor, and on the lien against the landowner, by separate simultaneous actions in the counties of their respective residences. The landowner demurred to the petition in the case against him, on the ground that no prior judgment had been obtained against the contractor; the court overruled the demurrer, and the defendant excepts.

In the case of *Castleberry* v. *Johnston,* 92 *Ga.* 499 (17 S. E. 772), the following language occurs: "According to the ruling of this court in *Lombard* v. *The Trustees &c.,* 73 *Ga.* 322, the lien of a materialman for lumber furnished upon the employment of a contractor could not be foreclosed by a direct suit against the owner of the premises, without previously or concurrently suing the contractor to whom the lumber was furnished." Looking to the decisions both prior and subsequent to the one quoted, we are

satisfied that the word "concurrently" is here used as the equivalent of the phrase "in the same suit," so far as actions strictly at law are concerned. Except in those cases where, by reason of the fact that both reside in the same county, the contractor and the landowner can be joined in the same suit, or where special reasons permit of recourse to a court of equity, the materialman should reduce his claim against the contractor to judgment before he sues upon it to establish a lien as against the landowner. The requirement of the Civil Code, §2804, par. 3, that suit to recover the claim must be commenced within twelve months, relates to the action against the contractor, and not to the subsequent proceeding against the landowner. *Lombard* v. *Trustees,* supra. The suit against the contractor is in personam, the one against the landowner is in rem. On the general subject, see *Mauck* v. *Rosser,* 126 *Ga.* 268, 274 (55 S. E. 32); *Claylon* v. *Farrar Lumber Co.,* 119 *Ga.* 37 (45 S. E. 723); *Philip Carey Mfg. Co.* v. *Viaduct Place,* 1 *Ga. App.* 707, (58 S. E. 274). *Judgment reversed.*