PIKE BROTHERS LUMBER COMPANY *v.* MITCHELL *et al.*

In order to foreclose a materialman's lien for material furnished a contractor to be used in improving the property of another, it is necessary that the materialman have judgment against the contractor in a previous action, or the contractor must be sued concurrently in the foreclosure proceedings with the owner of the property improved. If the contractor be adjudged a bankrupt, so that no judgment in personam can be had against him in an action at law, his immunity from liability to a personal judgment will not give the materialman a right to foreclose his lien in equity against the property improved.

Argued February 6,—Decided June 15, 1909.

Foreclosure of lien.	Before Judge Freeman.	Troup superior court.	May 23, 1908.

*E. T. Moon* and *Frank Harwell,* for plaintiff.

*F. M. Longley, A. H. Thompson,* and *W. G. Post,* for defendant.

EVANS, P. J.	The petition of Pike Brothers Lumber Company, a corporation, against E. D. Roberts and Mrs. M. B. B. Mitchell, to foreclose a materialman's lien, was dismissed on demurrer.	The material averments of the petition are, that Roberts contracted to improve certain described real estate belonging to Mrs. Mitchell; that the plaintiff furnished to the contractor, between May 30, and July 22, 1907, certain materials of the value of $387.33, which were used by the contractor in making the improvement; that on July 22, 1907, the plaintiff filed and caused to be recorded its lien pursuant to the Civil Code,. §2804; and that on August 6, 1907, Roberts on his own petition was adjudged a voluntary bankrupt. The prayer is for a decree fixing the amount due by the contractor to the plaintiff for the materials used in the improvement, and a judgment in rem for this amount against the real estate which was improved.	No judgment in personam is prayed against the contractor.	The plaintiff in its petition admits that because Roberts had been adjudged a bankrupt it could not maintain an action at law against him, and the real-estate owner, to enforce its statutory lien for materials furnished the contractor and used in improving the real estate of Mrs. Mitchell.	It is for this reason .it alleges it is entitled to relief in equity, which can be afforded by granting the prayer of the petition.	The admission that the plaintiff could not recover at law is based on the well-settled rule that, before a materialman's lien for materials furnished to a contractor to im-

prove the real estate of another can be foreclosed, there must be a judgment for the price of such materials in his favor, against the contractor, or the contractor must be sued concurrently with the owner of the property improved, in the foreclosure proceedings. *Clayton* v. *Farrar Lumber Co.*, 119 *Ga.* 37 (45 S. E. 723). The reason of the rule is that the landowner should not be called on to pay a debt he did not contract, and for which his property is liable only by force of a statute, until the materialman has established by judgment, in a proceeding to which the contractor is a party, that the contractor owes to him the amount for which he is seeking to assert his lien. The landowner's liability to the materialman who sells to his contractor on the latter's responsibility is not primary, but collateral, and dependent wholly upon compliance with the statute which creates the liability. In the suit to enforce his lien the materialman may be defeated by proof that the debt has been discharged by payment. If it is a debt provable in bankruptcy, why may not his action be also defeated by showing that his debt has been discharged by bankruptcy? It is to be borne in mind that in this case it is not attempted to establish the lien against the bankrupt contractor's land, but against the land of one not in privity with him. If judgment should go against the owner of the land improved, in the foreclosure proceeding, he would have his remedy over against the contractor, either by deducting the amount of the judgment from what he is due the contractor, or, if the contractor had been fully paid, the landowner on paying the judgment would be subrogated to the rights of the materialman in enforcing reimbursement from the overpaid contractor. But if the contractor has been adjudged a bankrupt, and is liable to be discharged as such by the bankrupt court, and therefore not subject to suit, then the landowner would have no remedy over, if the materialman be allowed a judgment in rem against his property. Equity follows the analogy of the law. The materialman can not foreclose his lien in an action at law against the landowner, because he can not get a judgment in personam against the bankrupt contractor. *Bowen* v. *Keller*, 130 *Ga.* 31 (60 S. E. 174, 124 Am. St. R. 164). He should not be permitted to do so in equity where the effect would be to deprive the landowner of his remedy over against the contractor, who perchance had been fully paid. The bankruptcy of the con-

tractor occasions the loss, and it would be inequitable to shift the loss from the materialman to the landowner simply because the materialman has lost his remedy at law by the contractor's bankruptcy. In this connection see *Philip Carey Co.* v. *Viaduct Place,* 1 *Ga. App.* 707 (58 S. E. 274).

                 *Judgment affirmed. All the Justices concur.*