## RUSSELL & COMPANY v. MORRIS.

FISH, C. J.    1. The well-settled rule, in a claim case, that the plaintiff in execution makes out a prima facie case by proving that the property claimed was in possession of the defendant in fi. fa. after the rendition of the judgment, was not changed by the passage of the recording act of 1889 (Acts 1889, p. 106; Civil Code, §§ 2778, et seq.), which among other things, provides when the lien of a judgment shall take effect as against innocent third parties who have acquired a transfer or lien binding the same property.

2. There was sufficient evidence to authorize an instruction that if the jury believed, under the evidence, that the title to the property levied upon and claimed was at one time in the defendant in execution, the presumption would be that it remained in him until it was shown to have passed out of him.

3. There was evidence to authorize the verdict, and the court did not err in refusing to grant a new trial. .

*Judgment affirmed.    All the Justices concur.*

FEBRUARY 18, 1910.

Claim. Before J. P. Brooke, judge pro hac vice. Cobb superior court. December 21, 1908.

*Philip H. Alston* and *McDaniel, Alston & Black,* for plaintiffs in error. *D. W. Blair* and *B. T. Frey,* contra.

---

## ROME BRICK COMPANY v. WEST et al., executors.

ATKINSON, J.    1. In so far as it was sought to foreclose a lien this case is controlled by the ruling in *Pike Brothers Lumber Co.* v. *Mitchell,* 132 *Ga.* 675 (64 S. E. 998), where it was held: "In order to foreclose a materialman's lien for material furnished a contractor to be used in improving the property of another, it is necessary that the materialman have judgment against the contractor in a previous action, or the contractor must be sued concurrently in the foreclosure proceedings with the owner of the property improved. If the contractor be adjudged a bankrupt, so that no judgment in personam can be had against him in an action at law, his immunity from liability to a personal judgment will not give the materialman a right to foreclose his lien in equity against the property improved."

2. The prayer to recover a general judgment against the estate of the deceased landowner was stricken from the petition by amendment.

*Judgment affirmed.    All the Justices concur. .*

FEBRUARY 18, 1910.

Foreclosure of lien. Before Judge Wright. Floyd superior court. October 12, 1908.

*John W. & G. E. Maddox,* for plaintiff.

*M. B. Eubanks* and *Dean & Dean,* for defendants.