In re GOODRICH.

(District Court, N. D. Georgia.   November 15, 1911.)

No. 2,912.

1. BANKRUPTCY (§ 211*)—DISCHARGE—STAY—RIGHTS OF INTERVENING CREDI-
    TORS.
        A subcontractor as an intervener in bankruptcy proceedings against
    the contractor is not entitled to stay of the discharge until the subcon-
    tractor can prosecute his claim to judgment so as to enable him under
    a state·statute to enforce a mechanic's lien against the property im-
    proved.
        [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 211.*]
2. MECHANICS' LIENS (§ 249*)—ENFORCEMENT—PREREQUISITES—JUDGMENT
    AGAINST PRINCIPAL CONTRACTOR.
        Under the Georgia Laws, which prevent foreclosure of a subcontrac-
    tor's lien without first obtaining judgment against the contractor, or
    without joining him in a suit against the owner, the judgment must be
    ·a general judgment against the contractor.
        |Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 433–
    437; Dec. Dig. § 249.*]

In the matter of G. A. Goodrich, bankrupt.   Intervening petition
by P. B. McKenney.   Petition denied.

Alfred C. Brown, for intervener.
Lowndes Calhoun, for trustee.

NEWMAN, District Judge.   [1] The petitioner in this case sets
out:   That the bankrupt was the contractor of the East Atlanta Bank
in making improvements upon certain lands described in the peti-
tion, and that said contractor made a contract with him, the inter-
vener, to do certain work and furnish certain material for the im-
provement of said property.   That the contractor filed his voluntary
petition.in bankruptcy in this court.   That intervener has a material-
man's lien or subcontractor's lien, as the case may be, upon the real es-
tate described, the property of the bank, for the work and material
done and furnished to the bankrupt as the contractor for the bank, and
that the lien has been filed and recorded in the office of the clerk of
the superior court of De Kalb county, Ga., as the law directs, which
lien has not been paid or any part thereof.   That under the laws of
Georgia intervener cannot foreclose his lien upon the land of the
owner without obtaining a prior judgment against the bankrupt fix-
ing the amount thereof, or without joining the bankrupt in a suit
against the owner for that purpose.

The prayer is to stay the bankrupt's discharge, and to allow the
intervener's claim to be prosecuted to judgment for the purpose of
enforcing the lien against the property owner.

There is no authority in the bankruptcy law (Act July 1, 1898,
c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) for allowing a
creditor to proceed to judgment in personam against the bankrupt in
a matter like this, nor am I aware of any authority under the bank-

rupt law for allowing a qualified judgment such as the intervener asks under the circumstances disclosed here.

[2] It is absolutely necessary to the foreclosure of the creditor's lien against the property owner that a judgment should first be obtained against the contractor, and that, it seems to me, under the authorities, must be a general judgment against the contractor. Nothing else would be the basis for a foreclosure proceeding against the property owner. Pike Lumber Co. v. Mitchell, 132 Ga. 675, 64 S. E. 998, 26 L. R. A. (N. S.) 409; Rome Brick Co. v. West, 134 Ga. 65, 67 S. E. 400, and cases cited.

In Pike Lumber Co. v. Mitchell, supra, this is said in the opinion:

"It is to be borne in mind that in this case it is not attempted to establish the lien against the bankrupt contractor's land, but against the land of one not in privity with him. If judgment should go against the owner of the land improved in the foreclosure proceeding, he would have his remedy over against the contractor, either by deducting the amount of the judgment from what he is due the contractor, or, if the contractor had been fully paid, the landowner on paying the judgment would be subrogated to the rights of the materialman in enforcing reimbursement from the overpaid contractor. But if the contractor has been adjudged a bankrupt, and is liable to be discharged as such by the bankrupt court, and therefore not subject to suit, then the landowner would have no remedy over, if the materialman be allowed a judgment in rem against his property. Equity follows the analogy of the law. The materialman cannot foreclose his lien in an action at law against the landowner, because he cannot get a judgment in personam against the bankrupt contractor. Bowen v. Keller, 130 Ga. 31, 60 S. E. 174, 124 Am. St. Rep. 161. He should not be permitted to do so in equity where the effect would be to deprive the landowner of his remedy over against the contractor, who perchance had been fully paid. The bankruptcy of the contractor occasions the loss, and it would be inequitable to shift the loss from the materialman to the landowner simply because the materialman has lost his remedy at law by the contractor's bankruptcy. In this connection, see Philip Carey Co. v. Viaduct Place, 1 Ga. App. 707, 58 S. E. 274."

If the court could make any order here which would be effective, it would lead to the result stated in the foregoing opinion, relieving the intervener from the effect of the bankruptcy proceeding without any power to relieve the landowner from the same, although he might have been entirely innocent and perhaps have paid the debt twice; that is, as to his claim over against the contractor. I think these decisions of the Supreme Court of Georgia are conclusive of the matter here, and it would be entirely useless to make such an order as is prayed.

In a recent case I made such an order because it was represented that the property owner had money in hand to pay the amount and desired some proceeding which would authorize her to pay it. The order was made for that reason, but, after further examination of the decisions of the Supreme Court of the state and of the Court of Appeals, I am satisfied that even that order was wrong.

What has been said here applies also to the interventions of J. E. Hunnicutt and the Empire State Roofing Company.

The prayer of the interveners must be denied.