16734.   KIRKPATRICK HARDWARE COMPANY *v.* ROGERS.

STEPHENS, J.   1. While a lien existing upon a bankrupt's property more than four months prior to the filing of the petition in bankruptcy is not affected by the bankrupt's discharge, a homestead exemption authorized under the State law will defeat an enforcement of the lien. *Evans* v. *Rounsaville,* 115 *Ga.* 684 (42 S. E. 100); *Barrett* v. *Durham,* 80 *Ga.* 336 (5 S. E. 102).

2. A homestead exemption set aside by the bankrupt court is as effective as if set aside in the State court. *Ross* v. *Worsham,* 65 *Ga.* 624.

3. Property not exempt from the enforcement of an existing lien may become exempt upon grounds of exemption afterwards arising, as when a judgment creditor has an existing lien upon the property of his debtor which is not subject to homestead and the debtor afterwards marries and thereby becomes entitled to a homestead exemption upon the property.

4. In a suit by the judgment creditor against the debtor, to subject to the plaintiff's debt, funds arising from the sale of the property so exempted, a verdict for the defendant was authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 2, 1926.

Garnishment and claim; from Marion superior court—Judge McLaughlin.   July 1, 1925.

*Noah B. Butt, John C. Butt,* for plaintiff in error.

*W. D. Crawford,* contra.