25105. MIDDLE GEORGIA LUMBER CO. v. HUNT.

Decided June 30, 1936.

*John J. McCreary,* for plaintiff.  *J. P. Burnett,* for defendant.

MacINTYRE, J.  On May 15, 1933, the plaintiff company filed in the municipal court of Macon a suit against Hunt, in which it set up that beginning December 21, 1932, and ending January 19, 1933, it sold and delivered to the defendant certain building materials which were used by the defendant to improve described realty belonging to him, for which he had not paid, although the plaintiff had fully completed its contract therefor; and that on February 1, 1933, "within three months from the purchase of said material," the plaintiff had its claim of lien recorded against the defendant's realty.  The plaintiff prayed only for a judgment establishing and foreclosing its lien against the defendant's real estate.  The defendant denied that he owed the plaintiff the amount claimed, and alleged that on May 12, 1933, he was duly adjudged a bankrupt, and that he duly scheduled the plaintiff as an unsecured creditor, and it was given notice of his bankruptcy. He prayed that the plaintiff's action be stayed pending his bankruptcy proceedings.  The plaintiff demurred to defendant's plea, and to a judgment overruling its demurrer and staying the action it excepted pendente lite.  The exceptions were filed, but were not certified by the judge.  On October, 1934, the defendant obtained his discharge as a bankrupt, and on presentation and proof thereof to the trial court the plaintiff's case was dismissed.  The plaintiff's certiorari was dismissed in the superior court, and to this judgment it excepted.

■ A bill of exceptions, assigning error on a judgment dismissing a petition for certiorari, which recites that the superior court, "on May 18, 1935, during the April term of court," rendered the judgment complained of, and that the "April term, 1935, of Bibb superior court, did not adjourn within thirty days from the date of the organization and opening of the court; and now, within sixty days from the date of the decision complained of, comes" the plaintiff in error and tenders the bill of exceptions, etc., dated July 11, 1935, and properly certified by the judge on that date, will not be dismissed in this court as not having been tendered as required by law.  Code of 1933, § 6-902; *Elmore* v. *Southern Bank & Trust Co.,* 28 *Ga. App.* 72 (110 S. E. 334);

*Dobbs* v. *Bell Laundry,* 25 *Ga. App.* 734 (105 S. E. 53) ; *Jossey* v. *Brown,* 119 *Ga.* 758 (17) (47 S. E. 350) ; *Ham* v. *Preston,* 152 *Ga.* 244 (109 S. E. 505). The motion to dismiss the writ of error is denied.

■ Exceptions pendente lite, though filed and recorded under order of the judge, can not be considered unless duly certified. *Binyard* v. *State,* 126 *Ga.* 635 (55 S. E. 498) ; *Hilley* v. *Perrin,* 3 *Ga. App.* 143 (59 S. E. 342) ; *Jackson* v. *State,* 116 *Ga.* 834 (43 S. E. 255) ; *Williams* v. *State,* 120 *Ga.* 488 (48 S. E. 149).

■ Under the status of this case as presented by the record, the decision in *Builders Lumber Co.* v. *Hunt,* 179 *Ga.* 367 (176 S. E. 11), is not an adjudication as to the issues passed on by the trial judge, and by the judge of the superior court on certiorari. The decision complained of in this case is that the defendant's bankruptcy worked a dismissal of the plaintiff's suit in the municipal court, brought to establish and foreclose its special lien on certain real estate of the defendant for materials furnished directly to the defendant and used in improving such real estate.

By merely furnishing the materials to the defendant, the owner of the real estate improved, the plaintiff had only an inchoate claim of lien or right to acquire a lien; but upon compliance with the statutory requirements regarding the same, its lien was completed and made good, and suit to foreclose could be brought. Code, §§ 67-2001 et seq. The plaintiff's suit, seeking only to establish and foreclose the lien, was in rem, and no personal judgment could be rendered. *Ryals* v. *Smith,* 102 *Ga.* 768 (29 S. E. 968). In such a case, where the plaintiff brings suit to enforce its lien, as required by the above statutes, the lien attaches, not from the time of the rendition of the judgment against the debtor, nor from the date of the filing of the petition to enforce the lien, nor from the date upon which the claim of lien was filed for record, but from the date when the materials were furnished. *Oglethorpe Savings & Trust Co.* v. *Morgan,* 149 *Ga.* 787, 789 (102 S. E. 528), et seq.; *Loudon* v. *Blandford,* 56 *Ga.* 150. Therefore, even were the plaintiff's lien one that could be avoided by the bankruptcy of the debtor if obtained within four months of his adjudication, it was obtained more than four months therefrom. The materials were delivered four months and twenty-two days before the bankruptcy. The claim of lien was recorded as

and when required by law, three months and eleven days before the defendant's bankruptcy. The suit to foreclose the lien was commenced within twelve months from the date the materials were furnished, and three days after defendant's adjudication as a bankrupt. Therefore the lien was not avoided by section 67f of the bankruptcy act, having been obtained more than four months before the adjudication in bankruptcy. However, it is well settled that a materialman's lien is not such a lien as is obtained by judicial proceedings, within the contemplation of section 67f of the bankruptcy act, and is not avoided by the bankruptcy of the debtor, who is the owner of the premises on which the lien is claimed. This is true whether or not the lien is obtained within four months of the bankruptcy. It is not affected by the bankruptcy, except that the debtor's personal liability for the debt is discharged. *Loudon* v. *Blandford,* 56 *Ga.* 150; *McKenney* v. *Cheney,* 118 *Ga.* 387 (45 S. E. 433); *Miller* v. *Equitable Credit Co.,* 36 *Ga. App.* 746 (138 S. E. 282); *Equitable Credit Co.* v. *Miller,* 164 *Ga.* 49 (137 S. E. 771); *Spradlin* v. *Kramer,* 146 *Ga.* 396 (91 S. E. 409); *Coker* v. *Utter,* 152 *Ga.* 157 (108 S. E. 538); Re Georgia Handle Co., 109 Fed. 632; Re Mill Iron Const. Co., 56 F. (2d) 248, 250, and cit.; Re Oconee Milling Co., 109 Fed. 866; Re Gosch, 126 Fed. 627; Eggleston *v.* Birmingham Purchasing Co., 15 F. (2d) 529. "In an action in which only the establishment of a special lien on specific property is sought, and no judgment in personam is prayed against the defendant, a plea to the effect that the defendant has been adjudicated a bankrupt presents no defense to the action." *McCall* v. *Herring,* 116 *Ga.* 235 (2) (42 S. E. 468). See Security Mortgage Co. *v.* Powers, 278 U. S. 149 (49 Sup. Ct. 84, 73 L. ed. 236). Proceedings to foreclose a materialman's lien may be commenced in the State court after the defendant's adjudication as a bankrupt. This is so even if it takes the action in the State court brought after adjudication to perfect the lien. The action in this case is not in personam. Church E. Gates & Co. *v.* National &c. Asso., 172 App. Div. 581 (158 N. Y. Supp. 1070); Church E. Gates Co. *v.* John Stevens Const. Co., 220 N. Y. 38 (115 N. E. 22); Geo. A. Lower & Co. *v.* Leary, 49 Utah, 506 (164 Pac. 1052); Duplan Silk Co. *v.* Spencer, 115 Fed. 689; Security Mortgage Co. *v.* Powers, supra; Horton *v.* Queens County Machine Cor., 101 Misc. 31 (166 N. Y.

582

Supp. 662); N. Y. Brooklyn Fuel Cor. *v.* Fuller, 11 F. (2d) 800; See *Davis* v. *Stone,* 48 *Ga. App.* 532 (173 S. E. 454); *Bowen* v. *Keller,* 130 *Ga.* 31 (60 S. E. 174, 124 Am. St. R. 164), et seq. This was not an action in rem by one having no lien, where it was necessary to fasten a lien upon specific property by a personal judgment against the debtor, which could not be done after discharge of the debtor in bankruptcy. The plaintiff did not have to obtain a judgment against the defendant before it could establish its lien against the property of the defendant.

In *Philip Carey Mfg. Co.* v. *Viaduct Place,* 1 *Ga. App.* 707 (58 S. E. 274), *Ricks* v. *Smith,* 20 *Ga. App.* 491 (93 S. E. 116), *Pike Lumber Co.* v. *Mitchell,* 132 *Ga.* 675 (64 S. E. 998, 26 L. R. A. (N. S.) 409), and similar decisions, the materials were furnished to a contractor, and the contractor had been adjudged a bankrupt, and it was necessary that a personal judgment be obtained against the contractor before a lien could be established against the property of the landowner (Code, § 67-2002 (2); *Buck* v. *Tifton Mfg. Co.,* 4 *Ga. App.* 695, 62 S. E. 107; *Clayton* v. *Farrar Lumber Co.,* 119 *Ga.* 37, 45 S. E. 723); and this could not be done, on account of the bankruptcy of the contractor. It follows that the judge of the superior court erred in dismissing the plaintiff's certiorari complaining of the municipal-court judgment against it. The plaintiff's lien was complete, and could be enforced even after the defendant's discharge as a bankrupt, and the plaintiff could subject the specific property to its special lien, provided it was otherwise entitled to a lien, and provided there was no prior lien against it.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*